NEW-YORK,
May, 1809.

BURNET *against* M. BISCO.

Burnet
v.
M. Bisco.

- THIS was an action of *assumpsit.* The declaration stated, that on the 26th *February,* 1808, the defendant made an agreement in writing with the plaintiff, whereby she agreed to give the plaintiff the refusal of the farm on which she lived, with the south half of the house, for the term of two years, from the 1st *April,* 1808, together with the stock, &c. at the following rate, viz. for the first year, 600 dollars, 140 of which to be paid in *November,* 160 dollars in *December,* and the remainder on the 1st *May* following. For the second year, 900 dollars was to be paid at the like periods, the stock to be appraised by certain persons, on the 1st *April,* 1808, and again at the end of the two years, and the same amount of stock to be returned, and good security given for the performance of the contract; the farm to be left in as good repair at the end of the two years, as at the commencement, &c. &c. reserving to the defendant land sufficient for her son to keep three horses, and for him to improve in his own person, and for pasturing a cow. The plaintiff averred, that on the 1st *April,* 1808, he performed the agreement, as far as his part was to be performed, and was then at the place ready to have the stock appraised, &c. and also tendered good security for the performance on his part, &c. yet the defendant not regarding, &c. assigning breaches of the whole agreement on the part of the defendant.

In an action on a written agreement to give the plaintiff the refusal of a farm, &c. it was held, that it was necessary to shew a consideration for the premise. It is as necessary to state a sufficient consideration where the agreement is reduced to writing, as if it remained in parol.

To this declaration the defendant demurred specially, and assigned the following causes :

1. Because the plaintiff, though he states that the defendant did not give the plaintiff the refusal of the farm, &c. does not state that the defendant disposed of the farm to any other person, or that she retained it herself.

2. That the declaration does not state where the farm was situated, nor its value, nor the number of acres, nor the

NEW-YORK,
May, 1809.

Burnet
v.
M. Bisco.

quantity of land to be reserved for the defendant's son, nor how much was requisite for the defendant's son ; so that by reason of this uncertainty there was no rule by which to measure the damages.

3. The declaration does not state who were to be the appraisers.

4. The plaintiff does not state what kind of security he offered, nor whether it was written or parol.

To this demurrer there was a joinder, and the same was submitted to the court without argument.

*Per Curiam.* A defect in substance in this declaration is, that there is no consideration stated. The defendant agreed to give the refusal of the farm to the plaintiff; but he did not agree to take it, and there was no promise on his part as a consideration for the promise of the defendant, nor any money paid or other valuable consideration given. The agreement was a mere *nudum pactum.* A consideration is as necessary to an agreement reduced to writing, as if it remained in parol. (1 *Saund.* 211. note 2.) There must be judgment for the defendant.

Judgment for the defendant.