## LANG & a. v. JOHNSON.

It is essential to the validity of every contract that it be founded upon a good and legal consideration.

Parol evidence of a verbal agreement, made at the time of the execution of a written contract, that it shall be paid in lumber, when by its terms it is payable in money, is admissible to change the manner of the payment. Such an agreement is invalid, and cannot be enforced. And a contract having for its only consideration the release of the signers from such verbal agreement to pay in lumber, is void for want of consideration.

Where A. and B., at the time they gave certain promissory notes for $1000, made a verbal agreement with the payee that the notes should be paid in lumber, and afterwards, in consideraton that the payee agreed to release them from such agreement to pay in lumber, made a further verbal agreement to pay him certain extra interest, which he alleged he had to pay on the $1000, which he said he had borrowed—*Held*, that the agreement to pay him the extra interest was without consideration, and void.

ASSUMPSIT, on an account annexed to the writ. The case was committed to an auditor, who allowed sundry items of the plaintiffs' account, amounting to $195.07, and disallowed other items. He also allowed several items of the defendant's set-off, amounting to $80.32, and disallowed the rest. He found a balance due the plaintiffs of $114.75.

The fifth and sixth items of the set-off, which the auditor disallowed, were for commissions paid, and in regard to them the auditor found the following facts, it having been agreed by the parties that the facts should be reported :

On the 17th day of September, 1838, the plaintiffs and the defendant entered into an agreement, in writing, by which the plaintiffs undertook to sell and deliver to the defendant all the lumber of a certain description that could be manufactured at their mills for and during the term of one year from the making of the contract, at certain prices therein named.

About the same time, and in consequence of this contract, the defendant advanced to the plaintiffs one thousand dollars, for which he took their notes, with sureties for all but one hundred dollars. The notes were payable in the usual way, in cash, with interest, although it was at the same time verbally agreed by the

plaintiffs and defendant that the notes should be paid in lumber, according to the aforesaid contract, the inducement for the advance of the money by the defendant, in fact, being the prospect of realizing a profit upon the lumber so contracted for.

In the course of the year the plaintiffs delivered to the defendant lumber to the amount of $576.90, in part payment of the notes, and in the spring of 1840 the plaintiffs informed the defendant that they should not be able to pay the whole of the balance due, in lumber.

The defendant thereupon informed the plaintiffs that he had borrowed the money so advanced, and had paid, and was then paying, interest thereon at the rate of twelve per cent. per annum ; and the plaintiffs then agreed that in respect to such portion as they did not pay in lumber, they would pay to the defendant whatever he had paid and should pay for the use of it, the only consideration for the agreement being the release by the defendant of the plaintiffs' verbal obligation to pay said notes in lumber, in the manner before stated.

Upon these facts, the auditor considering the contract to pay the extra interest not binding on the plaintiffs, disallowed the claim.

But if the court should entertain a different opinion, then the auditor found due to the defendant upon said items, number five and six, it being for interest beyond six per cent. upon the sum of $343.67, part of the $1000 not paid in lumber, from December 17th, 1838, to April 16th, 1842, the sum of $68.73, and interest on the same, $20.60, in all amounting to $89.33. In which case the auditor found the balance due the plaintiffs to be $25.42, instead of $114.75, before stated.

The questions arising upon the facts stated were transferred to this court for determination.

*Hibbard*, with whom was *Heywood*, for the defendant. The agreement of the plaintiffs to pay the sums charged as commissions, was binding, because the defendant's release of the plaintiffs from their obligation to pay the notes in lumber was, if alone, a

valid consideration. It was a new and independent contract, and does not come within the principle of the authorities cited by the plaintiffs' counsel.

There was other consideration for that agreement, afforded by facts found in the report, if not stated in words, viz:

1. That the defendant paid the same sums to another in order to obtain the money for the plaintiffs for their use. And to compensate him for so doing, the plaintiffs agreed to pay him the same amount back again. *Stevens* v. *Davis*, 3 Met. Rep. 211; *U. S. Bank* v. *Wagner*, 9 Pet. Rep. 378. The representations made by the defendant were "truly and fairly made." The contract itself was "fairly, honorably, and equitably made." It was "no cloak for usury." It was solely for the benefit of the plaintiffs. The defendant received nothing from the transaction, nor did the contract contemplate that he should.

2. It is evident from the case that the consideration of that promise or agreement, was, at least in part, the defendant's trouble in procuring the money for the plaintiffs. He has charged the items in his account as commissions. That this is a good consideration for such a promise is sustained by the following authorities: *Willie* v. *Green*, 2 N. H. Rep. 337; *DeForest* v. *Strong*, 8 Conn. Rep. 513; *Hutchinson* v. *Hosmer*, 2 Conn. Rep. 341; *Coster* v. *Dilworth*, 8 Cowen's Rep. 299. The defendant's claim to recover these items is strengthened by the fact that he disclosed to the plaintiffs that he paid the sums claimed to the person of whom he had the money. *Commonwealth* v. *Frost*, 5 Mass. Rep. 53.

If the defendant had obtained this money for the plaintiffs, paying the extra sum first, and the plaintiffs had agreed to repay it to him, and this was all the consideration, such an agreement would have been valid by the preceding cases. If he had paid the person of whom he obtained it at the rate of but six per cent., and had charged the plaintiffs twelve, keeping the extra six himself, for his trouble in procuring the money, and the plaintiffs had agreed to pay it, this would have been binding, according to *Willie* v. *Green* and *Coster* v. *Dilworth*, before cited. It

ought to make no difference except in his favor, that he kept nothing of this amount, but paid it all to another, of whom he obtained this money for the use and benefit of the plaintiffs; which fact was disclosed to the plaintiffs when they made the promise to pay.   The promise being binding upon these considerations, which we say are disclosed by facts found in the report, or upon either of them alone, it can make it no less valid that to all this is added the defendant's promise to release the plaintiffs from their verbal obligation to pay in lumber, so far as they should be unable to pay in that way.

3. It was a fair and equitable transaction on the defendant's part; beneficial to the plaintiffs, and so designed.   The defendant took nothing.   There was no extortion, nor attempt at it; nothing of the kind which usury laws seem intended to prevent in money transactions.   If usury is relied on to avoid a contract, it must be clearly made out.   *McDaniels* v. *Barnum,* 5 Vermont Rep. 279.

*Cooper,* for the plaintiffs.   1. The plaintiffs' agreement to pay the extra interest was usurious, and void by the laws of this State.   Rev. Stat., chap. 190, § 2; *Willie* v. *Green,* 2 N. H. Rep. 344; *Morse* v. *Willson,* 4 D. & E. 353.

The defendant's counsel has cited *Willie* v. *Green,* and he probably relies upon the remarks of *Woodbury, J.,* at the close of the opinion given by him.   It is there said, that if it appear that any part was paid as a discount on a note, as a reward for actual trouble, or as a mere gratuity, independent of any prior agreement, such part cannot be recovered back.   But we think that he does not bring this case within that exception.   It was neither by way of a discount, nor a reward for actual trouble, nor was it a gratuity.   If the defendant borrowed the money, and was at trouble in obtaining it, and paid extra interest for the use of it, it was his own business, and nothing to the plaintiffs, who never requested him to do either.   If the plaintiffs had actually hired him to procure the money, and had paid him therefor, as in *Stevens* v. *Davis,* cited by the defendant, from 3 Met-

calf's Rep., they could not recover back the amount so paid. But it is not pretended by the defendant that he procured the money at the request of the plaintiffs, or that the plaintiffs knew that he hired the money, until the time they made the promise. The loaning of the money was an independent contract, the evidence of which was the notes for $1000 and interest, and by every rule of law, money would always answer that contract. Even though the note had been for $1000, payable in clapboards at ten dollars per thousand, one thousand dollars and the interest would pay the note, although the clapboards at the time the note became due were worth fifteen dollars per thousand. The plaintiffs were, therefore, under no obligation, either by the terms of the note or in law, to pay lumber, and consequently there could have been no consideration, except forbearance, which was usurious and void.

2. The verbal agreement of the plaintiffs to pay the note in lumber, (if they made any,) was not binding, and any evidence to prove such an agreement at the time the notes were executed, was incompetent, the instrument in writing being the only criterion of the intention of the parties. And this is a rule in equity as well as law. Chitty on Contracts, 99, 102; *Isaacs* v. *Elkins*, 11 Vermont Rep. 67; *Dow* v. *Tuttle*, 4 Mass. 414; *Spring* v. *Lovett*, 11 Pick. 417; *Hanson* v. *Stetson*, 5 Pick. 506; *Cunningham* v. *Wardwell*, 2 Fairfield's Rep. 466; *Thompson* v. *Ketcham*, 8 Johns. 189; 2 Starkie's Ev. 752. If the contract to pay in lumber was not binding upon the plaintiffs, that being the only consideration for the promise, we say—

3. That there was no consideration for the promise. Consideration is essential to all agreements, whether verbal or written, and if it be proved that the plaintiffs gave, and the defendant received no value, the action fails. Chitty on Contracts, 28.

To be valid, the consideration must be legal. The assumption of a supposed damage or liability, which has no foundation in law or in fact, is not a consideration for a promise upon which an action can be maintained. Chitty on Contracts, 32, note 2.

Where one through a mistake of the law acknowledged himself

under an obligation which the law did not impose on him, he would not be bound thereby. *Warder* v. *Tucker*, 7 Mass. Rep. 449 ; *Freeman* v. *Boynton*, 7 Mass. 483 ; *May* v. *Coffin*, 4 Mass. Rep. 347.

EASTMAN, J. A good consideration is essential to the validity of all contracts. It is the foundation upon which all legal agreements and undertakings rest. Without a good consideration a contract is a mere *nudum pactum*, not binding in law, however it may be in conscience, and cannot be enforced. The price that is paid, or the motive of the contract, which goes to form and make up the consideration, must also be in itself lawful, or else the contract is void. And such is the general doctrine, whether the agreement be verbal or in writing. 2 Black. Com. 444 ; Comyn on Contracts, 6, 7 ; 2 Kent's Com. 463 ; *Burnet* v. *Bisco*, 4 Johns. 235 ; *Rann* v. *Hughes*, 7 Term Rep. 350 ; *Thatcher* v. *Dinsmore*, 5 Mass. 301 ; *Com. Ins. Co.* v. *Whitney*, 1 Met. Rep. 21 ; *Cook* v. *Bradley*, 7 Conn. Rep. 57.

The items which the defendant seeks to have allowed in offset, are charged as commissions in procuring money for the plaintiffs ; but the charges are based upon a verbal agreement by the plaintiffs to pay the amount claimed ; it being, as the defendant alleges, for extra interest paid by him in obtaining the money.

It appears by the finding of the auditor, that on the 17th day of December, 1838, the parties entered into a written contract, by which the plaintiffs agreed to sell and deliver to the defendant all the lumber of a certain description that could be manufactured at their mills for the term of one year, at prices stipulated by the parties. The plaintiffs by this agreement bound themselves to furnish the defendant with all the lumber that they could make ; they contracted to do all within their power, and if there was any breach of this contract the defendant had his remedy on the same.

About the time this contract was executed, the defendant advanced to the plaintiffs the sum of $1000, for which he took their notes, with sureties for all but $100. By this arrange-

ment the defendant had procured the plaintiffs' written obliga-
tion to furnish all the lumber they could make, and had also
obtained security for most of the money advanced in anticipation
of receiving the lumber. The money was, in fact, a pre-payment
for the lumber, upon security given, and probably formed an
inducement with the plaintiffs for entering into the written con-
tract. But in addition to the written contract and the notes, a
further agreement was entered into at the time the notes were
given, by which the plaintiffs were to pay the thousand dollars
in lumber, although the notes, by their terms, were to be paid in
cash. This agreement, however, was verbal, and being made at
the time the notes were given, can upon no princple of law be
enforced. The loan was by its terms payable in money. A
tender of the money would at any time have answered the
demand and defeated a suit upon the notes. And parol evidence
of the verbal agreement, whereby the character of the notes
would be changed in a material point, was entirely inadmissible.
This question has been discussed and decided at this term, in
*Hoyt* v. *French, ante,* page 198 ; and we then held, and applied the
principle to a promissory note, that a parol agreement, made at
the time of the execution of a written contract, by which the
terms of the contract are changed, could not be given in evi-
dence by the parties thereto, to change the contract. The only
obligations then that could legally be enforced against the plain-
tiffs, were their notes payable in cash, and their written agree-
ment to furnish all the lumber that could be manufactured by
them. The verbal agreement to pay the notes in lumber had no
legal binding force upon them.

But the plaintiffs, finding themselves unable to manufacture
lumber to the extent of the thousand dollars, the defendant then,
for the first time, made known the fact that he had hired the
money, and was paying interest thereon at the rate of twelve per
cent. per annum. Upon this, the plaintiffs agreed that in
respect to such portion of the thousand dollars as they did not
pay in lumber, they would pay to the defendant whatever he had
paid and should pay for the use of it ; but the only considera-

tion for this agreement was, as the auditor finds, the release by the defendant of the plaintiffs' verbal obligation to pay the notes in lumber.

Inasmuch, however, as this obligation to pay the notes in lumber was not binding upon the plaintiffs, and was such as could not be enforced, it was consequently an obligation that could form no legal and valid consideration to any contract which they might make. The agreement, then, to pay the extra interest being without consideration, was, upon the principles first stated, void; and the charge for the commissions, being founded upon that agreement, is equally void.

The fact that the plaintiffs agreed to pay the extra interest at a subsequent and independent time from the making of the notes, does not aid the defendant, because the agreement being without any legal consideration, the time when it was made cannot affect the character of the consideration so as to give it validity. The result then is, that there must be judgment against the defendant for the full amount found by the auditor, and interest.

*Judgment for the plaintiffs.*