## NATIONAL INSURANCE COMPANY *v.* IRWIN & CO.

1. A clause in a policy of insurance, reserving to the insurers the right to terminate the insurance at any time, by giving notice to that effect to the assured, and refunding a ratable proportion of the premium, does not destroy the mutuality of the contract, and is valid.
2. The action of the insurer, under such a clause, putting an end to the insurance, is simply the exercise of a right under the contract, and furnishes no defense, in an action on the premium note, in behalf either of principal or surety.

SPECIAL TERM.—The action in this case was brought on a note, the consideration for which was the premium on a policy of insurance issued by plaintiff to the owners of the steamboat Ambassador. The note was made by the owners, and indorsed for their accommodation by the defendants. The insurance was on the steamboat for one year, from Nov.

2, 1855, to Nov. 2, 1856. The policy contained this clause: " And it is further agreed, that this company reserves the right to terminate this insurance at any time, by giving notice to that effect to the assured, or his representative; in which case the company will refund a ratable proportion of the premium." On July 24, 1856, the company acting under the clause, gave a notice that the policy was terminated, and in the notice stated, that the premium note being unpaid, a proportionate amount due as return premium, was credited on the note. This credit appeared to have been entered, and the action was brought for a balance due on the note.

There were two grounds of defense:

1. That the clause in the policy, giving the company the right to terminate the insurance, prevented any operation or effect as a contract for want of mutuality, and there was, therefore, no consideration for the note.

2. That the acts of the company in cancelling the contract, operated as a change in it, or deprived the defendants of a security they would have held had the contract continued.

*Kebler & Force,* for plaintiff.

*Caldwell & Paddack,* for defendants.

GHOLSON, J. It is a good defense against the payee, or the party to whom a promissory note is originally, in its inception, delivered, that there was no consideration for the making and delivery of the note. In this case, it appears that the consideration for the delivery to the plaintiff, of the note, was the making and delivery by the plaintiff to the owners of the steamboat, of a policy of insurance. If that policy of insurance was never binding as a contract, upon the plaintiff, then there was really no consideration for the promissory note. And it is claimed for the defendants, that the invalidity of the policy of insurance is apparent on its face. That, by its terms, the obligation which is attempted to be imposed, can only continue at the mere pleasure of the party to be bound, which is

inconsistent with that rule in the law of contracts, which requires that they shall be mutual.

To determine how far a question as to mutuality of obligation will operate on the validity of a contract, its nature, whether it be executed or executory, whether the liability is claimed to depend only on a performance, or on mutual duties at the time of making the contract, must be considered. The objection that there was no mutuality, might have great weight if an action were brought for non-performance of an executory agreement, as where mutual promises were alleged, and might have no application where the agreement had been performed on one side. In many cases, it is not a sound criterion. Thus, in a contract of guarantee for advances to a third person, there may be no obligation to make the advances, but a liability arises on the advances being made; 63 E. C. L. 11 Q. B. 358, *Mills* v. *Blackall.* So in contracts for service, one party agrees to pay another a specified rate of compensation. There may be no obligation to enter upon the performance of the contemplated service, but if it be performed, an action may be maintained for the agreed compensation. There may have been no mutual liability until the performance commenced, but then it would arise; Id. Were an action brought for a refusal to take into employment, then the objection that there was no obligation to enter into employment would apply; 5 Bingh. 34, *Lees* v. *Whitcomb;* a like principle applies in contracts of sale. 3 D. & E. 653, *Cooke* v. *Oxley;* 4 Johns. 235.

That a policy of insurance shall constitute a consideration for a premium note, it is sufficient that the underwriter becomes bound to indemnify against the risks to which it is expected the property will be subjected. The policy is the appropriate evidence of his being so bound. If he receives a consideration, and enters into the obligation, he should be prepared to meet its consequences, although he may have secured the right to rescind the agreement by signifying his intention so to do. If a man may agree to pay another at a certain rate for his services, for so long as they may be

rendered, and though either or both may have a right to terminate the relation, yet it stands as a contract until determined, and why may not the same rule apply to an obligation to indemnify against a continuing risk to property?

The only question is, as to the consideration, whether the entering into an obligation with the right to terminate it by a notice, is a sufficient consideration? Upon the general principles, governing questions as to the consideration of contracts, I entertain no doubt that such a consideration is legal and sufficient. A prejudice to the promissee, incurred at the request of the promissor, may be a consideration, as well as a benefit to the promissor proceeding from the promissee; the prejudice must be on entering into the contract; 2 E. & B. 75 E. C. L. 475, 487, *Gerhard* v. *Bates.* If there be really and actually, and not colorably, a prejudice to the promissee, or a benefit to the promissor, there is a legal and sufficient consideration. With the adequacy of the consideration, or the reasonableness of the particular stipulations in contracts, courts can not properly interfere, or at least only in particular cases, and on grounds which have no application to the present case. The entering into an onerous obligation with another person, from which a party can only relieve himself by a notice given to such person is a prejudice. The entering into the obligation and the giving the notice in themselves prejudice the party : much more the contingent liability while the obligation existed ; and the right to be indemnified against continuous perils for any appreciable time, would be, in law and fact, a benefit to the other party.

Where a contract is a continuing one, as a contract for service, or a contract for indemnity, I can see no reason why it may not be valid, though one of the parties has secured by its terms a right, at his option, to terminate its obligation. Parties may agree to rescind contracts, and this agreement to rescind may be one of the terms of the original contract. This condition attending such contracts has never been supposed to affect their validity. It is not to be supposed that parties will make contracts for the mere idle purpose of

28

unmaking them. Nor is it to be supposed that where a party enters into a serious and important obligation, with a right to relieve himself by a notice, he intends to exercise this privilege at the instant of the contract, so as to make his solemn acts nugatory and of no substantial use. But it is sufficient to constitute a legal consideration, that there is an actual obligation requiring an act to be done, the giving of notice, to relieve the party. There is an obligation in the policy in this case, for as has been said in a similar case, "if I take a power to put an end to an agreement, it is because the agreement has begun. The power to dismiss implies that they have engaged to employ;" 15 Mees. & Welsb. 655, 659, *Pilkington* v. *Scott*. So in this case the power to terminate by a notice, implies an intention that the obligation to indemnify should commence, subject, as to its continuance, to the condition. Such a contract, I think, parties may legally make. The consideration intended, is the obligation to indemnify; this is a good consideration. With its extent as to amount, or time, if the parties are satisfied, I see no grounds for courts to interfere.

The second ground of defense is really involved in the first. If the plaintiff has done no more than by the contract with the principal he had the right to do, the sureties can not complain. There will be a finding of the issue for the plaintiff.

Judgment for plaintiff.