NANCY KERR, Respondent, *v.* GEORGE C. PURDY et al., Appellants.

(Argued May 10, 1872; decided September term, 1872.)

THIS was an action for specific performance. Plaintiff's complaint alleged in substance that George W. Purdy leased to George A. Kerr certain premises for a term of five years, the lease containing a clause giving the lessee the privilege of purchasing at any time within the first three years by paying all arrears of rent and $10,000; that Purdy died intestate, leaving a widow and five children, his heirs-at-law; that plaintiff as Kerr's assignor purchased the share of two of the heirs, and before the expiration of the three years tendered to the other heirs, the defendants, their shares of the stipulated purchase-price and of the rent, and requested a deed, which was refused, etc. Plaintiff asked that said heirs be compelled to deed their interests.

Upon the trial it appeared that plaintiff was in arrears for rent, and did not make a tender, as alleged, but did make arrangements to procure the money, and before the expiration of the three years notified defendants that he intended to purchase their respective shares, and requested deeds of the same. Defendants, on being advised that he had not the money, refused to convey. Aside from the widow's dower right, the premises were incumbered by a mortgage of $800. The referee decided that plaintiff was not entitled to the conveyance sought, and the General Term reversed the judgment upon the ground that, as the property was incumbered by the dower rights and mortgage, a strict tender was not necessary. *Held*, that the right to purchase was dependent upon the action of Kerr within the three years; that the lapse of that time without a compliance with the conditions terminated the privilege, and that as plaintiff did not make a claim in her complaint that a non-compliance with the conditions was excused by the incumbrances, but, on the contrary, based her claim for relief upon the assumption that the heirs could give the title to which she was entitled, the existence of

those incumbrances does not excuse the neglect to make the tender.

*W. Lounsbury* for the appellants.

*F. S. Westbrook* for the respondent.

LOTT, Ch. C., reads for reversal.
All concur.

Order of General Term reversed and judgment upon the report of the referee affirmed.