## SAMUEL P. QUICK, Respondent, v. MARVIN WHEELER, Appellant.

In a contract between the parties for the sale and delivery by plaintiff to defendant, of a quantity of timber, was contained a clause by which defendant agreed to pay plaintiff a price stated for a specified additionl quantity of the same kind and quality of timber, delivered during the winter at a place named; there was no agreement, on the part of the plaintiff, to deliver the additional quantity. In an action to recover for timber alleged to have been delivered under this clause, it appeared that after plaintiff had delivered a portion of the timber called for by it

defendant told him he did not want him (plaintiff) to get out any more timber; plaintiff replied, that he had bought some timber and advanced money in payment, and "could not get out of that." Nothing further was said, and plaintiff continued to deliver at the place designated, defendant making no further objection. After the delivery defendant, when spoken to about it, said, at different times, he would go and look at the timber, making no claim that the contract had been rescinded; *held*, that the clause referred to did not make a binding contract, as plaintiff did not bind himself to sell and deliver the timber; that it was simply an offer, on the part of defendant, which could be revoked at any time before performance or a binding acceptance by the plaintiff; but that proof of the revocation, under the circumstances, should have been unequivocal and satisfactory before a court could hold, as matter of law, that the revocation was established; that the evidence fell short of this, and the question was one for the jury.

Also *held*, that on delivery of the timber at the place specified, plaintiff could treat it as belonging to defendant and sue for the purchase-price; that he was not confined to an action for damages.

(Argued September 19, 1879; decided September 30, 1879.)

Appeal from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered on a verdict, and affirming an order denying a motion for a new trial.

The nature of the action and the facts are set forth sufficiently in the opinion.

*Alex. Cumming*, for appellant. The contract was not mutual and did not create any obligation or operate as a sale. (Bouvier's Law Dictionary; Story on Contracts, § 35; Story on Sales, §§ 124, 125; *Tuttle* v. *Love*, 7 J. R., 470; *Tucker* v. *Woods*, 12 id., 190.) Should the second part of the agreement be treated as a mutual and obligatory contract, the notice was a rescission. (*Skinner* v. *White*, 17 J. R., 357; *Clark* v. *Masiglia*, 1 Den., 317; *Ackerman* v. *Voorhis*, 33 Sup. Ct., 487; *Stephens* v. *How*, 34 id., 133; *Hamilton* v. *McPherson*, 28 N. Y., 72; *Ditton* v. *Anderson*, 43 id., 232.) The property in the timber would not pass to defendant until it was set apart to him with his assent and accepted by him. (*Hallertin* v. *Rice*, 62 Barb., 593; *Cook* v. *Millard*, 65 N.

Y., 359–365; *Shields* v. *Pettie*, 4 id., 122; *Benedict* v. *Field*, 16 id., 505; *Kerr* v. *Tupper*, 52 id., 553; Story on Contracts, § 22; 5 Metc., 452.)

*A. Taylor*, for respondent. To avail himself of the defense that the contract had been rescinded, defendant should have set it up in the answer and the question should have been submitted to the jury. (*Terry* v. *Wheeler*, 25 N. Y., 520; *Bacon* v. *Gilman*, 57 id., 656; *Shindler* v. *Houston*, 1 Com., 261–265–269.) The title to the timber delivered on the bank was in defendant as soon as 6,000 feet were delivered. (*Burrows* v. *Whitaker*, 71 N. Y., 297; 3 Keyes, 597; *Dexter* v. *Bevens*, 42 Barb., 573; *McOmber* v. *Parker*, 13 Pick., 176; *Ridelle* v. *Vaumum*, 20 id., 280.) The contract in suit being an executory contract under seal, could not be discharged or even modified by parol, until there was a breach of it. (*Mitchell* v. *Hawley*, 4. Den., 414; *Dewey* v. *Derby*, 20 J. R., 462; *Keeler* v. *Salisbury*, 27 Barb., 435; *Delassoire* v. *Buckley*, 15 Wend., 71; *Kuhn* v. *Stevens*, 36 How., 275.) There was a complete sale and delivery and plaintiff was entitled to recover the contract price. (*Bufferd* v. *Crocker*, 60 N. Y., 627; 53 id., 426; *Pollen* v. *Le Roy*, 30 id. 356; *Sands* v. *Taylor*, 5 J. R., 395; *Camp* v. *Norton*, 52 Barb., 96.) The expression by defendant to plaintiff of an intention to break the contract did not amount to a breach, plaintiff having insisted upon performance and having elected to treat the contract as in full force. (*Gray* v. *Green*, 9 How., 339; *Crist* v. *Arom*, 34 Barb., 384, 385.) Any agreement to rescind the contract would have to be in writing and for a valid consideration. (*Kuhn* v. *Stevens*, 36 How., 275; 7 Robt., 554.)

EARL, J. This action was brought to recover the price of a quantity of tie timber which the plaintiff claimed to have sold and delivered to the defendant. The plaintiff recovered, and his judgment having been affirmed at the General Term, the defendant appealed to this court.

The timber is claimed to have been delivered under a written contract with the defendant, which was executed August 2, 1873. It provided first for the sale and delivery by the plaintiff to the defendant of 5,000 feet of such timber. That part of the contract was fully performed by both parties. It then provided as follows: "And I, said Wheeler, also agree to pay said Quick four and half cents per foot for from six to fifteen thousand feet of same kind and quality of tie timber as aforesaid, and delivered at the place aforesaid during the winter, to be paid on the first day of June, 1874." The contract was signed by both parties, but there was no agreement on the part of the plaintiff to deliver this last quantity. The place of delivery named in the contract was "on the bank of the west branch of the Delaware river at Ball's Eddy," and there plaintiff delivered the 11,355 feet of timber for which this recovery was had.

The principal controversy at the trial was as to the quality of the timber. Upon that subject there was conflicting evidence, which was fairly submitted to the jury; and their determination, that the quality was such as the contract called for, is final.

The defendant at the trial moved that plaintiff be nonsuited, on the ground that the contract had been rescinded before performance by the defendant; and he requested the court to charge the jury "that the contract being rescinded by the defendant in December, 1873, the plaintiff cannot recover in this action." The court refused the nonsuit and the request to charge. There was no request to have the evidence as to the recission submitted to the jury; and hence, unless the court was bound to hold, as matter of law, that the contract had been rescinded, its decision was right.

This contract when made was not binding, as it was based upon no consideration. The plaintiff parted with nothing and there was no mutuality. There was not the consideration which mutual promises give a contract. The plaintiff did not bind himself to sell and deliver the tie timber. Hence this contract can be treated only as a written offer on the

part of the defendant to take and pay for the timber upon the terms stated : (Story on Sales, §§ 124, 126; Chitty on Contracts, 15; 1 Parsons on Contracts [5th ed.], 475; *Tuttle* v. *Love*, 7 J. R., 470.) This written offer could be revoked at any time before performance or a binding acceptance by the plaintiff. Was it thus revoked ? All the evidence tending to show a revocation or rescission came from the plaintiff as a witness. He testified that in December, 1873, after he had delivered several thousand feet of the timber — about the time of the settlement for that delivered under the prior clause in the contract — the following conversation took place between them : " He told me that he did not want me to get out any more timber. I said I had bought some timber, and he had encouraged me to buy timber, and had advanced money to make payment, and I had bought it, so I could not get out of that, and I could not store it." Nothing more was said. The plaintiff then went on with the performance of the contract, and between that date and March delivered at the place designated in the contract the balance of the timber, the defendant at no time making any further objection. After the delivery plaintiff had the timber measured ; and he then delivered a bill of the measurement at defendant's store, in his absence, on the 1st day of June, 1874, to a man by the name of Titus, who promised to write to defendant. In July, plaintiff saw defendant and spoke to him about the timber, and he said that as soon as his boys came home he would go and look at the timber ; and this promise he repeated afterward, making no claim then that the contract had been rescinded, or that he was not liable to pay for the timber, if it was according to the contract. Upon all these facts it cannot be said as matter of law that the parties understood that the offer was revoked. It is quite clear that the plaintiff did not so understand it, and it is at least doubtful if the defendant so understood it. It is true that he told the plaintiff not to get out any more timber ; but when he learned that the plaintiff had already got out a large quantity, and that he was bound for more, which he

had purchased to perform this contract, he was silent, said nothing more. We may assume that he knew the defendant was engaged in performing the contract during the winter; and after all the timber was delivered, he did not plant himself in any way upon a revocation of his offer; but when informed that it had been delivered, promised to go and look at it. Proof of the revocation, under such circumstances, should have been unequivocal and satisfactory, before a court could hold as matter of law that the revocation was established. In this case, the question of revocation, upon the evidence, the conduct of the parties and the circumstances, was one for the jury; and there was no request to have it submitted to the jury, and hence there was no error here. It is also claimed that the title of the timber did not vest in the defendant, and hence that he could refuse to take it, could not be compelled to pay the purchase-price and was liable only for damages for not taking it. This claim is not well founded. The offer was accepted and performed. The timber was delivered at the place agreed upon, and when thus delivered the plaintiff could treat it as belonging to the defendant and sue him for the purchase-price: (*Dustan* v. *McAndrew*, 44 N. Y., 72; *Hayden* v. *Demets*, 53 id., 426; *Bridgford* v. *Crocker*, 60 id., 627.)

Without more it is sufficient to say that we concur in the satisfactory opinion at General Term.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.