RUSSELL S. BRADBURY *vs.* JOHN H. TARBOX and Trustees.

Androscoggin.    Opinion November 22, 1901.

*Insolvency. Discharge. Pleading. R. S., c. 70, § 49.*

1.  A discharge in insolvency may be pleaded in bar by a special plea in bar as well as by simple averment with copy of discharge as provided in R. S., c. 70, § 49.

2.  When thus pleaded by special plea in bar the plea must conform in all particulars to the rules governing special pleas in bar.

3.  Special pleas in bar must state facts, not conclusions of law, so that a traverse of the statement will present an issue for the jury.

4.  A statement that the debt sued for "is not a debt which is by said chapter 70, R. S., excepted from the operation of the defendant's discharge in insolvency," is a statement of a conclusion of law. A traverse of that statement does not raise an issue of fact for a jury.

5.  A demurrer that is general as well as special will reach a fault in pleading not pointed out by the special demurrer, if such fault is amenable to a general demurrer.

On exceptions by plaintiff.    Sustained.

Action of assumpsit on an account annexed to the writ.    The action was originally brought before the Municipal Court for the city of Auburn, and brought up on an appeal from the judgment of that court.    At the first term in this court below the defendant asked leave to withdraw his pleadings in the Municipal Court, and file a new plea.    By consent of the parties the request of the defendant was granted, under a stipulation that the withdrawal of the former plea of the defendant and the filing of the new plea and all subsequent pleadings and proceedings thereunder, should be considered and have the same effect as if the new plea had been filed at the return term of the action.    Thereupon the defendant withdrew his former plea and filed a special plea in bar of the plaintiff's maintaining his said action, to which plea the plaintiff demurred specially, and the presiding justice overruled his demurrer.

To this ruling the plaintiff excepted.

*G. E. McCann and A. L. Kavanagh*, for plaintiff.

*G. C. Wing*, for defendant.

SITTING:    WISWELL, C. J., EMERY, STROUT, SAVAGE, FOGLER, POWERS, JJ.

EMERY, J.    This action was begun December 14, 1900.    While it was pending the defendant obtained a certificate of discharge from his debts from a state court of insolvency, January 14, 1901. Instead of pleading this discharge by a simple averment that on the day of its date such a discharge was granted to the defendant, setting forth a copy thereof, as authorized by statute R. S., c. 70, § 49, the defendant filed a special plea in bar after withdrawing all other pleas by consent.    This special plea, therefore, is the only plea filed and its sufficiency is challenged by a demurrer.

By electing to make his defense in this manner the defendant subjected himself to the rules governing special pleas in bar and was bound to make his special plea conform to those rules.    They apply with as much strictness to a special plea of a discharge in insolvency as to any other special plea.    *Frary* v. *Dakin*, 7 Johns.

75; *Frost* v. *Tibbetts*, 30 Maine, 188. The plea must state facts and not mere conclusions of law. It must show affirmatively, by allegations of fact within itself, that the discharge is valid, that it is granted by a court having jurisdiction and upon due proceedings, and that it bars the debt sued for. All these allegations must be issuable, that is, such as would present an issue of fact for a jury if traversed.

Tried by this rule this plea seems faulty in one respect at least. The discharge does not bar the debt sued for if the latter was a debt created by the fraud or embezzlement of the insolvent, or was for necessaries furnished to the debtor, or his family, within thirty days of the commencement of proceedings. The plea should have distinctly alleged that the debt sued for was not created by either circumstance. *Frost* v. *Tibbetts*, 30 Maine, 188. As to this, the only allegation in the plea is that the debt sued for " is not a debt which is by said chapter 70, R. S., excepted from the operation of the defendant's discharge in insolvency." This is a statement of a conclusion of law, not an allegation of a fact. A traverse of that statement would not present an issue of fact for the jury. What debts the statute exempts from the discharge is a question of law. Whether a debt was created by fraud, or was for necessaries, is a question of fact, but it must be alleged and traversed as a question of fact before it can be tried by a jury.

In *Frost* v. *Tibbetts*, supra, 30 Maine, 188, the plea described the plaintiff's claim and averred that it was barred by the discharge. On a general demurrer to the plea the defendant argued that this allegation negatived the debt being one of the excepted classes. The court, however, adjudged it to be insufficient for that purpose. The language used in this plea is no more than a periphrase of that in *Frost* v. *Tibbetts*. It means no more than that the discharge barred the debt,—a mere conclusion of law.

As held in *Frost* v. *Tibbetts*, the general demurrer reaches this fault, it being a lack of necessary allegation. Though the plaintiff is said to have " demurred specially," his demurrer was general as well as special and is available as such. Chitty's Pl. (16th Am. ed.) 696; *Burnet* v. *Bisco*, 4 Johns. 235. The fault may seem

very technical, but it *is* a fault under the rules, and as it has been exposed by demurrer it must be corrected. This the defendant can do upon the payment of costs from the time the demurrer was filed.

*Exceptions sustained. Demurrer sustained.*
*Defendant has leave to amend on payment of costs.*