### SPATZ v. SINGER et al.

#### (City Court of New York, Trial Term. January, 1909.)

1. NEW TRIAL (§ 26*)—GROUNDS—STATUTE OF FRAUDS.

Where, in an action for breach of a contract of employment for one year, beginning at a future time, by wrongful discharge, the statute of frauds was not raised as a defense by the pleadings, nor at the trial, it is not before the court on motion to set aside a verdict for the employé.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 37; Dec. Dig. § 26.*]

2. MASTER AND SERVANT (§ 3*) — CONTRACT OF EMPLOYMENT — OFFER AND ACCEPTANCE.

A writing stating that it is to certify that first parties thereby employed second party as foreman and sample maker, if not a contract, because not binding second party to perform, may be regarded as a promise to employ second party. and his acceptance of it, by entering on his duties, established a contract, entitling him to sue for a wrongful discharge.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 3.*]

Action by Sam Spatz against Saul Singer and others. Verdict for plaintiff, and defendants move to set the same aside. Motion denied.

Manheim & Manheim, for plaintiff.

Herschman & Blumberg, for defendants.

FINELITE, J. This is a motion to set aside a verdict in favor of the plaintiff for $358.58 on the ground that it is contrary to the law and contrary to the evidence. The action is to recover damages for the breach of a contract of employment. The evidence is to the effect that on August 11, 1906, the parties hereto met and discussed the entry by plaintiff into the employ of the defendants as foreman and sample maker for the term of one year commencing August 13, 1906. After this conversation a writing (Plaintiff's Exhibit 1) was executed in duplicate, and interchangeably delivered, of which the following is a copy:

"Singer Bros., Cloaks & Suits, 29 East 10th Street, New York, August 11, 1906. This is to certify that Singer Bros., parties of the first part, do hereby employ Sam Spatz, party of the second part, as foreman and sample maker, for one year, beginning Monday, August 13, 1906, at a salary of nineteen (19) dollars per week.                                                  Singer Bros.
                                                                    "Sam Spatz."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The plaintiff thereupon entered upon his duties of foreman and sample maker, in the employ of the defendants, on August 13, 1906, and so° continued up to and including February 16, 1907, when the defendants, without cause, as found by the jury, discharged him. The defendants contend that the verdict is contrary to the law and contrary to the evidence, as the exhibit, above set forth, is not a contract, but a promise only on their part, without consideration, and, therefore, not binding on them. To support this position they cite the cases of Rafalowitz v. American Tobacco Co., 73 Hun, 89, 25 N. Y. Supp. 1036; Burnet v. Bisco, 4 Johns. 235; Chicago, etc., R. R. v. Dane, 43 N. Y. 240–243; Jackson v. Alpha Portland Cement Co., 122 App. Div. 345, 106 N. Y. Supp. 345; Commercial Wood & Cement Co. v. North Hampton P. C. Co., 115 App. Div. 388, 100 N. Y. Supp. 960, and Quick v. Wheeler, 78 N. Y. 300.

In the Chicago, etc., R. R. Case the defendant's letter, offering to receive from the plaintiff and transport from New York to Chicago railroad iron, and plaintiff's answer thereto, "In behalf of this company I assent to your agreement and will be bound by its terms," was held to be merely an assent by the plaintiff to the proposal of the defendant, and not a promise on the former's part to deliver any iron for transportation. To like effect is Commercial Wood & Cement Co. v. North Hampton P. C. Co., where the written contract sued upon, purporting to make the plaintiff the defendant's selling agent, obligated the defendant to pay plaintiff a certain sum, and, although imposing certain obligations on the defendant, failed to impose any obligation on the plaintiff, and was held to be void for lack of consideration. In accord with this view is Quick v. Wheeler, supra, where the fact that the writing, whereby the defendant agreed to pay plaintiff a stipulated sum for a quantity of timber, to be delivered at a certain place, was signed by both parties, did not supply the lacking element, as there was no obligation on the part of the plaintiff contained in said writing. The other cases cited, and many others of like tenor, are a unit in declaring that, where the written promise is met with assent or acquiescence only, but not with any promise to perform or do anything which created an obligation on the assenting party, there is no mutuality. There is not that consideration which mutual promises give a contract.

Even though this construction be placed upon the exhibit, to which I am constrained to incline, yet independent of it there is evidence of an oral contract by which the defendants agreed to employ the plaintiff, and plaintiff agreed to work for the defendants as foreman and sample maker for the term of one year, beginning at a future time, at a stipulated wage, and the exhibit may be regarded as confirmatory of defendants' oral promise previously made. To this agreement the statute of frauds is undeniably applicable; but, as that question was not raised at the trial, nor by the pleadings, it is not before me. And so, also, may the exhibit be regarded as a promise of the defendants to employ the plaintiff, and the plaintiff's acceptance of such an offer by his entering upon his duties and performing the con-

tract until he was prevented from completing it by the acts of the defendants, in discharging him wrongfully, as found by the jury.

In accepting any of these views presented by the evidence a contract was established sufficient to support the verdict, and the motion to set the same aside is denied, to which the defendants may have an exception, with 10 days' stay of execution after notice of entry of judgment and 30 days to make and serve a case.