BOYD v. BROWN. (Supreme Court, Appellate Division, Second Department. June 17, 1915.) Action by Emma Boyd against George Brown and Joseph Michaels. No opinion. Application denied, with $10 costs.

In re BREAKIRON. (Supreme Court, Appellate Division, Fourth Department. November, 1914.) In the matter of the judicial settlement of the accounts of Charles A. Breakiron, as executor of the estate of Edward L. McCullough, deceased. From part of a decree of the Surrogate's Court of Chautauqua county, entered the 11th day of February, 1913, the executor appeals.

PER CURIAM. Under the will of the testator the payment of the bequest to the infant is postponed until his majority. The application of the same or any part thereof to meet the needs of the infant or for his welfare is left to the discretion and judgment of the executor. The Surrogate's Court has no legal authority to make and enforce a decree requiring the executor to apply the bequest or any part thereof to or for the benefit of the infant in the absence of a judicial determination of bad faith in respect thereto by the executor. The amount of the estate, the age and the character of education required by the infant, and financial abilities of his parents should be made to appear as a basis for a determination whether property of the parents or the estate of the infant should be appropriated for his board, clothing and education. Decree reversed and proceeding remitted to the Surrogate's Court for a rehearing. Costs to abide the final award of costs.

BRECKHEIMER, Respondent, v. LOEW, Appellant. (Supreme Court, Appellate Division, Second Department. May 7, 1915.) Action by Louis Breckheimer against John T. Loew.

PER CURIAM. The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows: Order reversed, with $10 costs and disbursements, and defendant's motion for judgment on the pleadings granted, with $10 costs, upon authority of Paul v. Fargo, 84 App. Div. 9, 82 N. Y. Supp. 369.

BRINLEY, Respondent, v. NEVINS, Appellant. (Supreme Court, Appellate Division, First Department. May 21, 1915.) Action by Edward Brinley against Thomas A. Nevins. A. Benedict, of New York City, for appellant. N. A. Smyth, of New York City, for respondent.

PER CURIAM. Judgment and order affirmed, with costs. Order filed. See, also, 162 App. Div. 744, 147 N. Y. Supp. 985.

INGRAHAM, P. J., dissents, on dissenting opinion upon former appeal.

BROCK v. ANTHONY & SCOVILL CO. et al. (Supreme Court, Appellate Division. First Department. June 18, 1915.) Action by Charles Brock against the Anthony & Scovill Company and another. No opinion. Motion granted. Questions certified as stated in order. Order filed.

BROCK v. POOR. (Supreme Court, Appellate Division, First Department. June 18, 1915.) Action by Charles Brock against Ruel W. Poor. No opinion. Motion granted. Questions certified as stated in order. Order filed. See, also, 153 N. Y. Supp. 1107.

BROCK v. POOR et al. (Supreme Court, Appellate Division, First Department. June 18, 1915.) Action by Charles Brock against Ruel W. Poor and another. No opinion. Motion granted. Questions certified as stated in order. Order filed. See, also, 153 N. Y. Supp. 332, 342, 343, 1107.

BROCK v. STEPHENS et al. (Supreme Court, Appellate Division, First Department. June 18, 1915.) Action by Charles Brock against Thomas W. Stephens, impleaded with others. No opinion. Motion granted. Questions certified as stated in order. Order filed.

BROMLEY et al. v. DAUER. (Supreme Court, Appellate Term, First Department. May 13, 1915.) Appeal from Municipal Court, Borough of Manhattan, First District. Action by George W. Bromley and another against George Dauer. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered. Lawrence T. Gresser, of Jamaica, for appellant. Clark B. Augustine, of New York City, for respondents.

PENDLETON, J. The action is to recover the agreed price of a book sold. The whole question is whether there was sufficient evidence to sustain the action. The only witness for plaintiff was a collector, who knew nothing about the sale. His testimony failed to prove any sale, and defendant testified the book was left on approval. The motion to dismiss should have been granted. Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

BROOKLYN CHURCH SOCIETY OF M. E. CHURCH, Respondent, v. BROOKLYN FREE KINDERGARTEN SOCIETY, Appellant. (Supreme Court, Appellate Division, Second Department. June 4, 1915.) Action by the Brooklyn Church Society of the Methodist Episcopal Church against the Brooklyn Free Kindergarten Society. No opinion. Motion to dismiss appeal (in 152 N. Y. Supp. 41) denied, on condition that defendant within 10 days make and serve a proposed case on appeal, and cause the same to be printed and filed within 30 days after the settlement of such case; otherwise, motion granted, with $10 costs.