CLARA E. FRIEDERANG, Appellant, *v.* RUTH ALDO COMPANY, INC., Respondent.

Second Department, December 9, 1921.

Vendor and purchaser — specific performance — option to purchase during term of lease which contained no renewal clause cannot be enforced after termination of lease though tenant still remains in possession.

An option to purchase real property contained in a lease which provides that the tenant "shall have the privilege of purchasing said premises at any time during such tenancy" is not binding on the landlord after the

termination of the lease, and cannot be enforced by specific performance, where the tenant did not have an option to renew the lease, though she did remain in possession of the premises after the termination of the lease and was in possession at an increased rental at the time she attempted to exercise the option to purchase.

APPEAL by the plaintiff, Clara E. Friederang, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Queens on the 16th day of June, 1921, upon the decision of the court rendered after a trial at the Queens Special Term on dismissal of her complaint for specific performance of an option to purchase, contained in a lease of residence property, situate in Richmond Hill, fourth ward of the borough of Queens. This was for a term of four months from October 1, 1917, at the monthly rent of fifty•dollars, with the clause: " The said party of the second part shall have the privilege of purchasing said premises at any time during such tenancy for the sum of Seven Thousand Seven Hundred and Fifty Dollars." Such agreement, however, contained no option to renew the lease. It was on September 26, 1919, that this option was claimed to have been exercised.

The tenant remained in possession, but fell behind in paying rent for the month of February, 1918, so that the lessor (defendant here), on February seventh, began summary proceedings to recover possession in the Municipal Court. After the lessor had judgment, the rent was paid and accepted. A like proceeding occurred in May, in which the tenant's possession was averred to be under the agreement of October 1, 1917, and the rent in arrears was later paid. Thereafter the tenant continued to pay the monthly rent of fifty dollars up to September 1, 1919. Having been notified that from and after September first the monthly rent would be advanced to sixty-five dollars, the tenant also paid this increased rental for September, without protest.

On September 26, 1919, the tenant wrote the lessor that she decided to exercise the option to purchase. Defendant declined, on the ground that the former option had expired. The tenant remained in possession, and on October first began this suit for specific performance. The learned court held that the period of the option had not been extended; also

that when it was attempted to be exercised, plaintiff was not financially able to comply with its terms.

*Herbert A. O'Brien,* for the appellant.

*Philip E. Good* [*John A. Bloom* with him on the brief], for the respondent.

PUTNAM, J.:

As there had been no actual tender of the price, the plaintiff properly averred that she was ready, willing and able to perform her part of the agreement, during the period mentioned in said agreement. Defendant put this in issue. There are two difficulties in appellant's position: *First.* This lease contained no option to continue the demise beyond the four months specified. At the time plaintiff sought to exercise her option (nearly two years after the date of this lease), she was not holding the property under the terms of the original agreement. Her continued holding over, especially after September first, by payment of a different rental, did not keep alive this option, which remained limited to the four months tenancy. (*Kerr* v. *Purdy,* 51 N. Y. 629; 1 Dart Vendors [7th ed.], 272; 27 R. C. L. "Vendor & Purchaser," § 40, p. 343.) *Second.* In suits for specific performance, where there has been no actual tender, the plaintiff has to establish readiness and ability to perform. (Fry Spec. Perf. [6th ed.] § 922; *Eddy* v. *Davis,* 116 N. Y. 247, 251; *Rockland-Rockport Lime Co.* v. *Leary,* 203 id. 469.) The court's finding that plaintiff was not financially able to perform, as she had averred, was, therefore, a bar.

On both these grounds the judgment appealed from should be affirmed, with costs.

MANNING, J., concurs; BLACKMAR, P. J., RICH and JAYCOX, JJ., concur upon the ground first stated in the opinion.

Judgment affirmed, with costs.