### Isaac Mowrey v. Henry Vandling.

A bill to establish and enforce a vendor's lien upon land, should set forth the contract of purchase, both as to the consideration and terms of payment; and the allegations with respect thereto should be clearly proved, in order that the court may compel the execution of the agreement of the parties, and not one of its own creation.

Evidence that the vendee was to *work* out the unpaid portion of the purchase price will not sustain a bill which alleges a sale for a certain price, but does not state what mode of payment was agreed upon. And if the evidence was proper, the lien could not be enforced until a breach of the contract was shown by defendant's refusal to pay in labor.

The recital of the consideration in a deed of conveyance, is not evidence, in favor of the vendor, of the consideration agreed upon in a suit brought to enforce a vendor's lien.

*Submitted on Briefs, October 6th. Decided November 16th.*

Appeal from St. Joseph Circuit in Chancery.

The bill was filed to enforce a vendor's lien for the unpaid purchase money on a sale of lands. The allegations in the bill, and the testimony, are sufficiently shown by the opinion.

*P. M. Smith,* for complainant.

*H. H. Riley,* for defendant.

MARTIN Ch. J.:

Under a bill to establish and enforce a vendor's lien, it is necessary that the contract of purchase, both as to consideration and terms of payment, should be clearly proven, in order that the court may compel the execution of the agreement of the parties, and not one of its own creation. In the present case no contract is set out in the bill, nor proven by witnesses. Even admitting that the consideration for the sale by the complainant to the defendant was $900, we have no allegation or proof of any contract for its payment, or the times, terms, or instalments upon and in which such payment should be made. What then can we declare the contract to be, or how can we enforce any lien for that of which we are ignorant?

The complainant avers in his bill that, on the seventh day of April, 1855, he sold the land to the defendant for $900, and that he received $410; but when or how the balance was to be paid, and whether any and what promise was made to pay it, is not alleged. The answer denies any contract or liability for such amount, and avers payment in full. The testimony leaves us equally at fault with the bill. Mrs. Johnson testifies that, after the complainant's return from Council Bluffs, he sold the land for $900; and of the payments made; but says not a word of any contract or understanding respecting the payment of the residue, if any, beyond the $410. She says she was present when the contract was made, which was early in the spring of 1855, and that no one else was present. Jacob W. Mowrey testified that he was present when the same contract was made, in November or December of 1854, and that the price agreed upon was $900; that the balance above the $410 the defendant was to pay as fast as he could, and *as he could work it out* for the complainant. Charles Mowrey's testimony, if it has any value, tends to establish the fact that the balance, if there were any, was to be "worked out." On the part of the defendant, Bondeman testifies that the complainant told him that the real consideration for the sale was a secret. This embraces all the testimony worthy of consideration upon the subject of the contract, and I confess my inability to determine from it how much, or, if any thing, when and how the residue was to be paid.

J. W. Mowrey's testimony certainly does not corroborate Mrs. Johnson's, for he testifies to a different contract, made at a different time; while if his testimony be regarded as corroborated by Charles Mowrey's, then the complainant has no standing in court, for he has neither alleged such a contract in his bill, nor shown a refusal on the part of the defendant to "work out" the balance. He can not enforce a lien before a breach of contract has occurred.

But it is urged that the recital in the deed of nine

MOWREY v. VANDLING.

hundred dollars as the consideration, is *prima facie* evidence that such is the fact, and thus corroborates the testimony of Mrs. Johnson and J. W. Mowrey. But it corroborates neither, nor do they corroborate each other. It is true that the recital of the consideration, made in a deed, is *prima facie* evidence in an action against the grantor, when suit is brought for a breach of covenant, or other cause, by the grantee, founded upon the sale; but I know of no case which holds, or principle which will allow, such recital by the grantor to be used as evidence in his own behalf, in an action for the purchase money. If he relies upon that, he must also admit that it was "in hand paid," for it is an entire recital and admission by himself, and not by his grantee; and it would be the introduction of a novel doctrine into the law were we to hold that admissions and recitals of this kind, made by the grantor in his deed, operate as an admission by the grantee of a corresponding liability, or furnish any evidence against him in an action for the purchase price, or on a bill to establish and enforce a vendor's lien. The experience of all teaches that this recital in a deed is evidence of the slightest kind even against the grantor, in an action against him for breach of covenant; and is only allowed to be *prima facie* evidence because it is in form an admission.

The decree of the court below is affirmed, with costs.

CHRISTIANCY and CAMPBELL JJ., concurred.

MANNING J. was absent.