## Daniel G. Weare v. Henry Linnell and another.

*Equity jurisprudence: Payment by one for lands conveyed to another: Vendor's lien.* Under a bill claiming rights in lands by virtue of the complainant's having located them with land warrants owned by himself, in the name of the defendant, without the knowledge of the latter, and when he was an infant and living with complainant as a member of his family, as a recompense for the services he was expected to perform before arriving at his majority, a decree for the complainant cannot be sustained upon the theory that the transaction constituted a sale of the lands by complainant to defendant for the consideration of services to be performed by the latter while he remained a minor, whereby, upon default of the defendant, an equitable lien could accrue to the complainant for the value of the warrants, etc.; the theory of a vendor's lien is inconsistent with the case made by the bill.

*Purchaser: Vendor's lien.* A person cannot become a purchaser by a transaction of which he is wholly ignorant; nor can there be, as against him, a vendor's lien for a purchase price which he never agreed to pay.

*Equitable mortgage.* Neither can the transaction set up in the bill be regarded as constituting an equitable mortgage of the lands by complainant to defendant to secure the latter a compensation for services to be performed by him; it does not appear that any such bargain was made, or that defendant ever agreed to perform any services, or to receive payment for his services in lands.

*Delivery: Agency.* The transaction in this case being a purchase from the United States by the complainant in the defendant's name, a delivery of the certificate of location to complainant for defendant is in law equivalent to a delivery to defendant in person; and the fact that complainant never delivered it to the defendant would be unimportant.

*Resulting trusts: Statute construed.* The case made by this bill comes directly within our statute (*Comp. L.,* § 4120) abolishing resulting trusts where a grant is made to one person and the consideration paid by another, and vesting the title in the person named as alienee in the conveyance.

*Submitted on briefs April 8. Decided April 21.*

Appeal in Chancery from Oceana Circuit.

WEARE *v.* LINNELL.

*Edwin Baxter*, for complainant. .

*Standish & Fuller*, for defendants.

COOLEY, J.

The complainant filed his bill in this cause to have his right established in certain lands, the apparent title to which is vested in defendant Moffat.

The complainant's case is, that in the year 1856 he located the lands with military land warrants owned by himself, at the United States land office at Ionia, Michigan, but that he made such location in the name of the defendant Linnell, then an infant of the age of fourteen years, who was then expected to live with complainant as a member of his family until he should arrive at his majority. The object in making the location in Linnell's name is stated by complainant to have been to secure to said Linnell a compensation or recompense for his services he was expected to perform for the complainant, and to render him safe in all possible contingencies. He avers that the certificates of location were never delivered to Linnell, but were taken by complainant and always remained in his hands; that Linnell in fact knew nothing of the location at the time; that he lived with complainant but a short period, and about the time he left was first told that the lands had been taken in his name, and then expressed an entire willingness to release any claim he might have, to complainant, but that when applied to for a conveyance to complainant after he had reached the age of twenty-one, he refused to give one, but conveyed the same to defendant Moffat, who was cognizant of all the facts. The prayer of the bill is that Moffat may be decreed to release to complainant, and for other and further relief. The defendant Moffat demurred, but his demurrer was overruled, and he then answered, claiming the rights of a *bona fide* purchaser.

The court below appears, from the decree rendered in

the case, to have regarded the transaction as constituting a sale of the lands by complainant to Linnell for the consideration of services to be performed by the latter while he remained a minor, and these never having been performed, the complainant is held to have an equitable lien upon the lands for the value of the warrants with which they were located, and for all costs and expenses attending the location, and for taxes subsequently paid, and interest upon the several amounts from the time of the location or of payment. And the decree ordered the lands to be sold to satisfy the amount of this lien.

The difficulty with the theory upon which the court proceeded is, that there never was any purchase of these lands by Linnell from complainant, and the theory of a vendor's lien is inconsistent with the case made by the bill. A person cannot become a purchaser by a transaction of which he is wholly ignorant, nor can there be, as against him, a vendor's lien for a purchase price which he never agreed to pay. Whatever other relief, therefore, it may be possible to give the complainant, the decree which was made below cannot be supported.

We should suppose from the bill that the complainant regarded the transaction as constituting a mortgage of the lands by himself to Linnell to secure the latter a compensation for services to be performed by him. But this theory is also wholly inadmissible, because it is not alleged that any bargain of this nature was ever made, or that Linnell ever agreed to perform any services, or if he did, that he would receive payment in lands. And, consequently, if it be conceded that such a purchase of land by one man in the name of another upon a mutual agreement or understanding that the latter should hold it in security for a demand owing by the former would constitute him mortgagee in equity, such concession will not aid the present case, because no such mutual agreement or understanding is pretended.

It is suggested in the brief on the part of complainant,

that the conveyance of the land to Linnell was imperfect and incomplete, because the certificate of location was never delivered to him, and a patent has never issued. The question of delivery would be important had complainant himself been the party conveying; but here the title was to pass from the United States to Linnell, and a delivery of the certificate to complainant for Linnell was in law equivalent to a delivery to Linnell in person.

It is also suggested in the brief for complainant, that the case is one of resulting trust in complainant's favor. Our statute (*Comp. L. 1871*, § *4120*) declares that "When a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made; but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of the next section." The next section provides for the case of creditors, and is immaterial here. This statute appears to be directly in point, and complainant's case is as plainly within it as any which could be suggested. For reasons of his own, he has purchased lands in the name of another. No deceit or fraud has been practiced upon him; no agreement was made with him which has been violated. He now seeks by parol evidence of having paid the purchase price, and of what his purpose was in so doing, to establish rights in himself in opposition to the apparent title. This is the very thing the statute above quoted was passed to preclude.

The decree of the court of chancery must be reversed, with costs of both courts, and the bill dismissed.

CAMPBELL and CHRISTIANCY, JJ., concurred.

GRAVES, CH. J., did not sit in this case.