WATERMAN PALMER v. VIRGINIA STERLING AND CAROLINE WILLIAMS.

*Vendor's lien—Secret trust in granted land.*

The lien of a vendor of land for the purchase money does not attach unless the land is actually sold for an agreed consideration payable in any case and as the purchase price.

A vendor's lien can exist only as collateral to a debt created simultaneously with the sale, and a part of it.

An absolute gift of land made subject to a parol trust in the grantor's favor, has the effect of an unconditional gift, the trust being void.

In Michigan no secret trust arises by implication in favor of one who makes a voluntary conveyance of land, or procures one to be made to another.

Appeal from Marquette.    Submitted June 12.    Decided June 17.

BILL TO ENFORCE VENDOR'S LIEN.    The bill was dismissed below and complainant appeals.

*F. O. Clark* for complainant.    The vendor of realty has an equitable lien on it, for the purchase money

where no security is taken for its payment. *Carroll v. Van Rensellaer*, Har. Ch., 225; *Payne v. Atterbury*, Har. Ch., 414; *Palmer et al., appellants*, 1 Doug. (Mich.), 432; *Sears v. Smith*, 2 Mich., 246; *Converse v. Blumrich*, 14 Mich., 124; *Mowrey v. Vandling*, 9 Mich., 39; a conditional sale can be made absolute, *Dearborn v. Turner*, 16 Me., 17; *Perkins v. Douglass*, 20 Me., 318; *Meldrum v. Snow*, 9 Pick., 441; *Haak v. Linderman*, 64 Penn., St., 499; 1 Pars. Cont., 537; a gift must take effect at once and completely, 1 Pars. Cont., 234; if any legal consideration enters into · a pretended gift, it changes it to a sale or barter if delivery is made, or otherwise into an executory and enforceable contract, id., 236; *Noble v. Smith*, 2 Johns., 52; *Allen v. Pelereczky*, 31 Me., 338; *People v. Johnson*, 14 Ill., 342; *Smith v. Dorsey*, 38 Ind., 451; a vendor's lien is an interest created by the contract of the parties, and is as fixed, complete and absolute as a mortgage interest. *Stevens v. Chadwick*, 10 Kan., 406.

*Dan H. Ball* for defendants. A vendor's lien on realty will not arise unless there has been an actual *bona fide* sale of the property with intent to transfer the beneficial as well as the legal title, and under circumstances consistent with an intent to retain a lien on the property for the purchase price. *Palmer et al., appellants*, 1 Doug. (Mich.), 427; *Sears v. Smith*, 2 Mich., 247; *Weare v. Linnell*, 29 Mich., 226; *Fish v. Howland*, 1 Paige, 20; *Mosher v. Meek*, 80 Ill., 79; 2 Story's Eq., Jur., § 1226; it cannot be claimed as a collateral security for the fulfillment of an understanding. *McKay v. Green*, 3 Johns. Ch., 56; *McKillip v. McKillip*, 8 Barb., 552; *Hare v. Van Deusen*, 32 Barb., 92; *Marquet v. Marquet*, 7 How. Pr., 417; Thomas on Mortgages, 27, 31, 32.

CAMPBELL, C. J. Complainant filed his bill in this cause to enforce a vendor's lien on property alleged to

have been sold by him October 7, 1874, to his daughter, the defendant Virginia Sterling, for which it is claimed she gave her note for $4,980, payable 18 months after date, as the purchase price. Defendant Caroline Williams is charged to have become a purchaser with notice.

The record contains much testimony bearing on the family relations of the parties, which we do not think it important to discuss, as the testimony of complainant himself is conclusive against his right to this remedy.

He states in effect that when he conveyed this property to his daughter, Mrs. Sterling, it was not understood on either side to be a sale. He represents that it was done with the understanding that he should have the control and direction of the sale of the property for his own use during his and his wife's lifetime, and that what was not disposed of should belong to the grantee. There was never any sale made or price agreed upon. The note, although dated back, was not made until some time after the sale. He represents that it was given as "a kind of collateral" for the fulfillment of this understanding. The facts indicate that it was taken to furnish color to the transfer as a valid sale of the land in case any trouble should arise with creditors. The daughter claims that the deed was an unconditional gift. If complainant's statement is correct, it was an absolute gift subject to a void parol trust in his favor, which would make its legal effect as she claims it to be.

The decisions in this State have followed the old rules in equity, whereby a vendor who had a claim for unpaid purchase money is allowed a lien on the land sold by him for its payment, where nothing is done to waive or lose it. *Sears v. Smith,* 2 Mich., 246; *Converse v. Blumrich,* 14 Mich., 124; *Mowrey v. Vandling,* 9 Mich., 39; *Palmer et al., appellants;* 1 Doug. (Mich.), 422; *Weare v. Linnell,* 29 Mich., 224.

But all the authorities rest upon the basis that the land was actually sold for an agreed consideration, payable at all events, and payable as the purchase price.

Unless there was a sale for a price there could be no such relation as that of unpaid vendor and responsible purchaser. The lien can only exist as collateral to a debt which was a part of the transaction and created simultaneously with the sale.

Complainant testifies throughout that neither party had any idea of creating any such transaction. When he conveyed he meant to trust to the fulfillment of his wishes by his daughter. It seems probable that there was no talk with her about any conditions. But however this may be, he never expected her to pay any price, nor do we think (although this is not important) that he expected her to pay the note under any circumstances. The whole affair was either meant to be a gift, with a subsequent taking of a note to make a show of fairness, or it was originally intended to create a secret trust for the benefit of the grantor. No such trust arises by implication in this State, where a grantor makes a voluntary conveyance, or procures one to be made to another person. *Weare v. Linnell*, 29 Mich., 224; *Jackson v. Cleveland*, 15 Mich., 94.

In the absence of any sale on credit the lien cannot exist, and this bill cannot be maintained. We need not, therefore, consider any of the other questions raised by the record, nor discuss the domestic affairs of the family.

The bill was properly dismissed, and the decree must be affirmed with costs.

The other Justices concurred.