## WARNER v. BLIVEN.

VENDOR'S LIEN—PURCHASE PRICE.

A vendor's lien cannot exist where the purchase price of the land is so intermingled with that of other property that it cannot be distinguished.

127  665
146  546

Appeal from Ionia; Dodds, J., presiding. Submitted March 7, 1901. Decided July 19, 1901.

Bill by Johial Warner against Edwin H. Bliven and others to enforce a vendor's lien. From a decree dismissing the bill, complainant appeals. Affirmed.

*V. H. & H. H. Smith*, for complainant.

*R. A. Hawley*, for defendants.

LONG, J. This is a bill filed to enforce a vendor's lien. It appears that in the fall of 1884 an agreement was made between the complainant and Edwin H. Bliven for the sale of a 40-acre tract of land. There is some disagreement as to the exact price to be paid, whether it should be $1,825 or $1,850. After the exchange of the papers, complainant, claiming that there was yet an amount due on the purchase price, brought suit in justice's court therefor. After judgment there, the cause was removed to the circuit court for trial. On that trial the court left the question to the jury to determine the amount due the complainant on the purchase of said land, and the jury determined the amount to be $130.48.

The theory of the bill is that the entire purchase price for the land was paid for the E. ½ of the S. W. ¼ of S. W. ¼ of section 33, township 7 N., of range 7 W., also the E. ½ of the N. W. ¼ of N. W. ¼ of section 4, township 6 N., of range 7 W., both in Ionia county; that $1,850 was to be paid therefor; that it was all paid but $125 at the deliv-

ery of the deed; that the complainant has never taken, received, or accepted any security, or any payment, in part or in whole, of said $125, which is the portion of the purchase price claimed to be unpaid on said premises. The answer avers that the purchase price included, not only the lands set forth and described in complainant's bill, but also two acres of timber which complainant then owned, and which timber was situated on the west side of the E. ½ of the N. W. ¼ of N. W. ¼ of section 4, town of Berlin, Ionia county, together with the right to enter said premises in order to secure such timber, and that the purchase price of $1,825 was to include this timber as well as the lands described in the agreement.

The complainant himself testified as follows:

" Q. Is it not a fact that the bargain was between you and Bliven that you were to put in that land for $1,800, including the timber ?

" A. No, sir; $1,850.     *     *     *

" Q. How much was that timber worth,—the two acres of timber ?

" A. I don't know hardly what it was worth.     *     *     *

" Q. You did not talk with Mr. Bliven, nor he with you, and fix any value on the timber? You didn't determine the value of it ?

" A. I didn't any more than that.

" Q. The understanding was that he was to cut this timber off from there for firewood purposes, as he wanted it ?

" A. Yes, sir.

" Q. It was to stand there until he wanted to use it from time to time for firewood ? You understood that he was to have the right to have the timber remain upon the premises until he got ready to use it from time to time for firewood ?

" A. I am swearing now he was to have it for a certain time."

The deed from Warner to Bliven of the lands in controversy sets up the consideration of $1,850. In the same deed is a clause reciting a conveyance to Bliven of two acres of timber on the west side of the E. ½ of the N. W.

¼ of N. W. ¼ of section 4. It is not claimed by the bill that any part of the consideration was paid for this timber, and the lien is not claimed upon that part of the premises. It is evident from the testimony of complainant himself that a part of the consideration was for this timber as well as for the lands conveyed. The court below made a decree dismissing complainant's bill. No reasons are given by the circuit judge for his decree.

It is claimed by defendants' counsel that no lien for the purchase money can exist or be enforced under the facts as they appear from the evidence in this case, for the reasons:

1. That complainant had no purpose or intent of retaining such a lien at the time of the sale in question or for many years thereafter.

2. That the sale was not a sale of the premises alone, but a sale of such premises together with two acres of timber standing upon another and distinct parcel of land, all for one lump sum of money.

3. That there has been a failure of a portion of such consideration, the exact amount of which is not ascertainable, by reason of complainant's appropriating a portion of the timber to his own use.

4. That there has been a waiver of such lien, if any ever existed.

But one question need be discussed. It appears conclusively from complainant's own testimony that a lump sum of $1,825 or $1,850 was to be paid for the land in controversy, including the two acres of timber. It is clear that the parties concerned regarded the payment as a lump sum for the lands and timber. Counsel for defendants invokes the doctrine that a lien upon land in favor of a vendor can exist only for the amount of the purchase price of that identical land, and cannot exist upon that land for the purchase price of some other parcel of land or property, and cannot exist against such land where the purchase price of such land is so intermingled with the purchase price of other land or property that the several items cannot be separated and identified to a certainty. In *Clark* v. *Stilson*, 36 Mich. 482, it was said:

"Sebring's defense is based upon a supposed vendor's lien upon the parcel of land on section 13. It is conceded that Stilson purchased this land of Sebring, and the purchase price has never been fully paid. December 19, 1871, Sebring obtained a judgment against Stilson for $1,324, which is supposed to embrace the balance of this purchase price. The judgment was obtained in a suit in which not only was the purchase price of the land counted on, but also the value of personal property to the amount of $1,000 or so. By virtue of an execution upon this judgment, the parcel on section 13 was levied upon and sold to Sebring after Clark had sold under the foreclosure at law. The sum at which the sale was made to Sebring was $800, and this now represents the lien, if it exists at all. But as it is impossible for us to know how much of the judgment represents the price of land and how much the value of personal property, it is also impossible to support a lien on the idea that it is represented by the judgment. The confusion of demands in the suit and in the judgment renders a distinction at this time wholly impracticable."

When the complainant here filed his bill of particulars in the law case upon which the judgment was rendered, he set out in such bill of particulars the following: "Interest on $125, amount due on standing timber and balance due on farm, from December 24, 1884, to date, $6.00."

We refrain from citing the numerous cases in the brief of defendants' counsel which uphold the doctrine claimed, as we are satisfied on complainant's own showing that the purchase price of the land and timber are so intermingled that it would be impossible to state how much of the judgment represents the purchase price of the land upon which the lien is claimed. Several other questions are raised, but we do not deem it necessary to discuss them.

The decree below must be affirmed, with costs.

The other Justices concurred.