### SHAW v. TABOR.

1. VENDOR AND PURCHASER — VENDOR'S LIEN — CONSIDERATION— WHAT INCLUDED.

    A vendor is entitled to his lien for the amount unpaid on a contract to sell a lot and build a house thereon, though the deed was executed and delivered before the house was completed.

2. EQUITY—CHANCERY PRACTICE—VERIFICATION OF BILL—NECESSITY.

    A bill to establish and foreclose a vendor's lien need not be verified.

Appeal from Jackson; Parkinson, J. Submitted November 14, 1906. (Docket No. 161.) Decided December 3, 1906.

Bill by Jerome T. Shaw against Eri Tabor and Ellen D. Tabor to enforce a vendor's lien. From a decree dismissing the bill on demurrer, complainant appeals. Reversed.

The case made by the bill of complaint in substance and effect is: Complainant bargained with defendants to sell them a certain lot and to erect upon the lot a dwelling

house; the agreed consideration for lot and house being $1,525. The agreement rested in parol. Complainant performed the contract on his part, and defendants, on their part, accepted a deed of the premises, entered into possession, and paid all of the purchase money, except $325. The deed of the premises passed February 3, 1905, before the dwelling house was complete, and at a time when. the foundation walls of the house, a cistern, out-house, and well had been completed. Defendants entered into possession of the premises on June 1, 1905, the dwelling house at that date being fully completed. The lot without the improvements was worth not less than $200. Defendants have mortgaged the property for $1,100, they refuse to pay the balance of the contract price, and complainant has no security for the same. Defendants demurred to the bill, asserting:

"1. That the complainant has an adequate and complete remedy at law for all of the matters and differences complained of by the complainant in his bill of complaint; the whole question as set.up in the bill of complaint being the question of indebtedness, and purely a question for the jury in the law division of this honorable court, and in no way a question for a court of equity. The defendants' plea to the matters and differences set up in the bill of complaint would be set-off and recoupment, and the question of indebtedness would be a question of fact for the jury to decide.

"2. That there is no equity in the bill of complaint, or any part thereof, as the whole matter therein complained of is entirely a question of law and fact.

"3. The complaint is not properly verified as law requires in this class of cases. All of which is respectfully submitted, and the court is therefore requested to dismiss the said bill, with costs for these defendants, to be taxed."

The demurrer was sustained, and a decree entered dismissing the bill of complaint.

*Grove H. Wolcott*, for complainant.

*Lee N. Brown*, for defendants.

146 MICH.—35.

OSTRANDER, J. (*after stating the facts*). The learned circuit judge was of opinion that because the bill does not point out what portion, if any, of the general balance claimed to be due, arose upon the sale and conveyance of the land, and that portion of the debt which grew out of the construction of the house is no part of the purchase price of the land, the case is controlled by the principle stated in 2 Jones on Liens, §§ 1066, 1072, and applied in *Hiscock* v. *Norton*, 42 Mich. 325, and *Warner* v. *Bliven*, 127 Mich. 665. See, also, *Clark* v. *Stilson*, 36 Mich. 482; *Dunton* v. *Outhouse*, 64 Mich. 419; *Waterfield* v. *Wilber*, 64 Mich. 642. If complainant had not delivered the deed until the house was completed and accepted, we should have no difficulty in determining that a lien existed in favor of complainant for whatever part of the purchase money was due and unpaid. Is the case made by the bill essentially different from the supposed case? There were not two contracts. The property agreed to be sold and conveyed, and which was sold and conveyed, was a lot with a dwelling house thereon. The contract of sale and purchase which is alleged is one which could be performed only by tendering the land with the improvement. The consideration was single, was to be money, and, so far as it was unpaid, was, by necessary inference from the facts stated, due and payable when the house was completed and the title to both house and lot tendered by the vendor. Complainant has conveyed what he agreed to sell and convey, and no more. Defendants have accepted the property and the title, and are in possession of that for which they agreed to pay the consideration. It was said in *Palmer* v. *Sterling*, 41 Mich. 218, 220:

"The decisions in this State have followed the old rules in equity, whereby a vendor who had a claim for unpaid purchase money is allowed a lien on the land sold by him for its payment, where nothing is done to waive or lose it. * * * But all the authorities rest upon the basis that the land was actually sold for an agreed considera-

tion, payable at all events, and payable as the purchase price. Unless there was a sale for a price, there could be no such relation as that of unpaid vendor and responsible purchaser. The lien can only exist as collateral to a debt which was a part of the transaction and created simultaneously with the sale."

Applying this language and the principles stated here, complainant has set out a case entitling him to the relief prayed for.

The third ground of demurrer is relied upon. The point seems to be ruled, adversely to appellee, by *Moore v. Cheeseman*, 23 Mich. 332. No statute or rule requiring a bill of this nature to be verified has been called to our attention.

The decree dismissing the bill is reversed, and a decree will be entered here overruling the demurrer, with costs of both courts to complainant. The record is remanded, and defendants will be given 30 days in which to answer.

CARPENTER, C. J., and MONTGOMERY, HOOKER, and MOORE, JJ., concurred.