[No. 5427.]
[No. 3085 C. A.]

RUDE v. LEVY.

1.  Pleading—Answer—Amendment—Discretion of Court.

The amendment of pleadings rests largely in the discretion of the trial court, and this discretion is exercised with especial liberality in amending answers.—P. 486.

2.  Vendor and Vendee—Option to Purchase—"Proper Consideration"—"Fair Consideration"—Specific Performance—Words and Phrases. .    .    °

Where an option to purchase realty for $950 recited a consideration of $1, the sum, if actually advanced, would be merely nominal, and would not alone constitute the "proper" or "fair" consideration usually considered essential to a suit for specific performance.—P. 487.

3.  Same—Effect of Seal. '

Where plaintiff was not to take possession of property on which he held a written option to purchase, and was not to make any improvements thereon, and no compensation or considera-

tion was given for the option save a recited consideration of $1, the absence of consideration may be shown in a proceeding for specific performance, notwithstanding a seal.—P. 487.

### 4. Options—Ripening into Contract—Enforcement—Equity.

Courts of equity do not look with favor upon options to purchase, and, since the vendor cannot enforce them against the vendee, equity is not swift to enforce them against the vendor; and, while the right to invoke specific performance of an option is recognized, especially where there is a valuable consideration, since it lacks the elements of a binding contract, such relief is not in order until performance, or a sufficient tender of performance, by the vendee; so that, strictly considered, it is inaccurate to speak of specific performance of an option, since it is only when the vendee has made his election and complied, or, in good faith attempted to comply, with the terms of an option, and it has ceased to be an option and has ripened into a mutually binding and mutually enforceable contract, that it becomes enforceable in equity by the vendee.—P. 487.

### 5. Same—Sufficiency of Tender—Jurisdiction.

Jurisdiction to order specific performance of a mere naked option, where the only consideration shown is by the usual recital of $1 consideration, will not be entertained, even though it is in writing, and where further action of the vendee is required before the option is developed into a contract to buy, a full and proper tender of the purchase price or other consideration, in accordance with the terms of the instrument, is an essential condition precedent to the maintenance of such a suit.—P. 488.

### 6. Tender—Sufficiency—Conditions.

A tender coupled with a demand for a receipt for a larger sum than has been paid is not a sufficient tender.—P. 489.

### 7. Vendor and Vendee—Estoppel of Purchaser.

Plaintiff held an option to purchase land of defendant at a certain price, and agreed to pay $50 at a certain time within six months upon notice in writing that the vendor had received a bona fide offer of the same price or more, and plaintiff paid defendant $37 on receiving notice of such offer, but there was a dispute as to whether he was to pay the other $13 the next day or whether an alleged debt to plaintiff was to make up the balance. Held, that plaintiff was, in either event, estopped to claim that such offer to defendant was not a bona fide one, or that it was not made within the required time.—P. 490.

*Appeal from the District Court of Logan County.*
*Hon. E. E. Armour, Judge.*

Action by I. Rude against Morris Levy, for specific performance of an option to purchase land. From a judgment for defendant, plaintiff appeals.
*Affirmed.*

Mr. EDWARD L. SHANNON, for appellant.

Messrs. DAYTON & DENIOUS, for appellee.

On the 17th day of April, 1902, appellee executed a written option agreeing to sell to appellant certain real estate, water rights, etc., within the county of Logan, state of Colorado. This option was quite lengthy and involved, and also somewhat unusual in its terms. Its substance may be stated as follows:

In consideration of $1.00 appellant was given the privilege of purchasing the property described for $950.00. This privilege was a mere option, and he could purchase or not, as he pleased. If, however, he made one or more payments, but failed as to others, the sums paid were forfeited. In the event he elected to purchase, the $950.00 were payable in the following manner: At or before one year from date, $250.00, when good and sufficient deeds were to be made conveying the property to him; at the same time a promissory note was to be executed to appellee for $700.00, the balance, payable three years after date with 7 per cent. interest, secured by mortgage or deed of trust upon the real property conveyed.

But the option also contained the following further provision: If, within the first six months from date, appellee received a *bona fide* offer of $950.00 or more for the property and made request upon appellant in writing, stating from whom the offer came, and the amount thereof, then appellant was

at once to pay appellee the sum of $50.00 in cash; said sum to be applied upon the purchase price of the property. Immediately upon the making of said $50.00 payment appellee was to execute and place in escrow deeds to the property, to be delivered upon the further payment of $250.00 within the year. And at the time of such delivery the note and mortgage were to be executed as above stated, except that the principal of the note would be $650.00 instead of $700.00; appellee to pay escrow or other charges or expenses that might be incurred. Time was made the essence of the option.

In January following the execution of the option, appellee received and sent to appellant a letter from one Green in relation to the purchase of the property described in the option. This letter was lost and its terms are not clear, but appellant treated it as a *bona fide* offer to buy the property. The price mentioned in the letter was $1,000.00. Appellant, upon receipt of the letter, at once paid appellee $37.00, agreeing, according to appellee's testimony, to pay him the remaining $13.00 of the $50.00 specified in the contract, the next morning. According to appellant's testimony the $13.00 had already been paid through the sale of certain clothing to appellee; appellee's contention in that regard, however, being that the clothing was not sold to him but was left with him to be disposed of on commission, the $13.00 to be paid when sale was made.

On the 16th of February following, appellant with his attorney and one Miller went to appellee's place of business and through his attorney tendered him $250.00 in gold, demanding that the deeds for the property be delivered according to the option. Appellee's testimony is to the effect that appellant than also demanded an acknowledgment or receipt showing payment of $300.00 upon the purchase

price. Appellee refused to execute the papers so demanded. And on the 18th of February, two days later, appellant began this suit for specific performance of the alleged contract or option.

Before the trial began, but on the same day, appellee made a motion based upon affidavit for leave to amend the amended answer, which was allowed; by this amendment a material matter, previously admitted, was put in issue.

At the conclusion of the trial the court found the issues in favor of appellee and dismissed the complaint.

Mr. Justice Helm delivered the opinion of the court.

The amendment of pleadings rests largely in the discretion of the trial court. And this discretion is exercised with especial liberality in amending answers.—*Cartwright v. Ruffin, ante,* p. 377.

In the present instance a strong showing was made in support of the motion to amend the amended answer. Plaintiff did not claim that he was surprised by the court's ruling or ask for a continuance of the cause. Under all the circumstances we cannot say that there was such an abuse of discretion as warrants interference by us upon that ground.

The writing upon which this action for specific performance is based, was not signed by plaintiff and did not at its execution possess the elements of a binding contract. It was, on the contrary, as named by the parties themselves, a mere "option to purchase." According to its terms there was nothing obligatory upon plaintiff unless, at a future time, he elected to accept and perform. And even after such election, the only penalty for nonperformance would be a forfeiture of the money, if any, previously

paid. Moreover, there was practically no considera-
tion for the option. The recital of $1.00 as paid
is the usual provision inserted in such instruments
as a matter of form, and even if this sum were actu-
ally advanced, it would be merely nominal. It would
not, alone, constitute the "proper" or "fair" con-
sideration usually considered essential to a suit for
specific performance.

Plaintiff was not to take possession of the prop-
erty nor was he to make any improvements thereon;
nor was compensation or consideration to defendant
for the option, otherwise stipulated or furnished. In
this proceeding the absence of consideration may
be shown, notwithstanding a seal. Again, not only
was this option one-sided and, until properly
accepted, a *nudum pactum,* but it possessed other
features which fairly invited the criticism of injus-
tice and oppression made by the trial court. Had
that court rested his decision upon the unfairness
and inequity of the transaction, we would not have
disturbed his finding or judgment.

Waiving the latter consideration, however, and
assuming that the option was fair and reasonable
as an option, it nevertheless remains true that courts
of equity do not look with favor upon such arrange-
ments. Since the vendor cannot enforce them
against the vendee, equity is not swift to enforce them
against the vendor. The right to invoke against
the vendor the specific performance of options, espe-
cially where there is valuable consideration therefor,
is indeed recognized. But since they lack the ele-
ments of a binding contract, until performance or a
sufficient tender of performance by the vendee, this
kind of relief is not in order. It is only when the
vendee has made his election and complied or in
good faith attempted to comply with the terms of
the option, that it becomes a contract enforceable by

him in equity. And it is, strictly speaking, inaccurate to speak of the specific performance of an option; for before the remedy can be invoked it has ceased to be an option and has ripened into a mutually binding and mutually enforceable contract.

Counsel for plaintiff strenuously contends that it was not necessary that an actual tender of the $250.00, or of any other sum, by his client, be made prior to the commencement of suit. He insists that the offer in his complaint to pay "all the balance due upon the contract," was sufficient to entitle him to this relief.

There is some difference among the authorities as to whether such an actual tender as would be required in an action at law is a necessary prerequisite to specific performance; and some decisions there are that, under proper circumstances, sustain counsel's position regarding the sufficiency of a tender in the bill. But in deciding the case at bar an extended discussion of these authorities is unnecessary. Examination of the decisions so holding discloses that they are, in fact, dealing with contracts regularly made and entered into for valuable consideration and binding upon both parties in the first instance; or with options or unilateral contracts based upon fair consideration, where by actual tender or by such other act of acceptance as the particular instrument requires, the want of mutuality has, in fact, ceased before the suit was brought. If a case were found where this jurisdiction was entertained upon such a mere naked option as the one before us, and which also required further affirmative action by the vendee before it developed into a contract, we would decline to treat it as authority.

It follows from the foregoing that whatever the rule might be in this reagrd as to a regular and binding contract, we must hold that in connection with a

Apr., '08.]    RUDE v. LEVY.    489

naked option or offer to sell, even though the same be in writing, under circumstances like those here presented, a full and proper tender to the vendor of the purchase price or other consideration in accordance with the terms of the instrument, is an essential condition precedent to a suit for specific performance.

It was necessary, therefore, as we view the option before us, for plaintiff to have made a tender of the $250.00 specified, before instituting the action. This he attempted to do, but, according to the evidence of defendant, his tender of that sum was coupled with a demand for a receipt or an acknowledgment showing payment of $300.00 upon the purchase price. And if defendant's proofs in this regard be accepted, such tender was insufficient; it should not have been conditioned upon the acknowledgment of payment of a larger sum than the amount received by defendant.

The difference between the parties as to the sum paid arises under the $50.00 provision of the option; plaintiff claiming that he had previously paid that amount to defendant by check for $37.00 and by credit for $13.00 due him for clothing purchased by defendant. Defendant admitted payment of the $37.00 by check, but denied the debt of $13.00. According to defendant's evidence, he declined to purchase the clothing and it was left with him to be sold on commission; and only in the event of such sale was he to pay the $13.00. His testimony further shows that he could not and did not sell the clothing. He also testified that plaintiff, when he paid the $37.00, said he would pay the rest of the $50.00 the next day.

Thus it appears that plaintiff failed in an important particular to comply with the option. Upon being notified in writing that defendant had a *bona*

*fide* offer of $1,000.00 for the property, and the name of the proposed purchaser being given, plaintiff was at once to pay $50.00 of the purchase money. This provision he recognized to the extent of actually paying $37.00. But $37.00 was $13.00 short of the amount called for by the contract. Plaintiff will not be heard now to say that the alleged offer of Green was not *bona fide* or that it was not made within proper time. He interposed no such objections upon receipt of the notice; on the contrary, he accepted and treated the notice as in all respects sufficient, and he cannot now rely upon either of those objections.

In some material particulars the testimony on behalf of defendant, above referred to, is contradicted by that of plaintiff. Hence there is a decided conflict of evidence. But this conflict was resolved by the trial court in favor of defendant, and we would not be justified in interfering with his conclusion, even were we disposed to do so.

The judgment will be affirmed.    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.