KNOTT v. THOMAS et al. (No. 7407.)

(Court of Civil Appeals of Texas. Dallas. Nov. 6, 1915. Rehearing Denied Dec. 11, 1915.)

SPECIFIC PERFORMANCE ⊜57—SALE OF LAND —OPTION CONTRACT.

Where defendant contracted to sell land to plaintiff, the contract providing that, if plaintiff failed to pay the consideration money in the manner stipulated, the contract should be void as to him at his option, plaintiff could not have specific performance, for option contracts are an exception to the rule that the absence of mutuality in a contract renders it void, and the vendee may have specific performance only after exercise of his option, in which case the contract is no longer an option contract, but has ripened into a mutually enforceable agreement.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 178; Dec. Dig. ⊜57.]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by W. H. Knott against Gus Thomas and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Marcus M. Parks and J. C. Patton, both of Dallas, for appellant. Leake & Henry, of Dallas, for appellees.

RAINEY, C. J. The appellee, Gus Thomas, and the appellant, W. H. Knott, on the 16th day of March, 1909, entered into the following contract, to wit:

"Contract for the Sale of Real Estate.

"This agreement, made and entered into at Dallas, Texas, the 16th day of March, A. D. 1909, by and between Gus Thomas, Zion City, Illinois, of —— county, Texas, and W. H. Knott of Dallas county, Texas, witnesseth: That said Gus Thomas hath sold and doth agree to convey in fee simple unto the said W. H. Knott his heirs and assigns forever, by a good and sufficient deed of general warranty, on or before the 16th day of April, A. D. 1909 (upon the punctual payment by said W. H. Knott of the consideration money hereinafter mentioned), the following described real estate situate in the county of Dallas, Texas, to wit: All of lots 31 and 32 Blk. 8 Winchester Place addition to city of Dallas.

"The said W. H. Knott agrees to improve said lot as soon as Gus Thomas delivers to him a good and sufficient title, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said Gus Thomas heirs and assigns forever. And the said W. H. Knott for —— and for his heirs, executors, administrators and assigns, do covenant and agree to and with —— heirs and assigns, that I will pay to the said Gus Thomas heirs and assigns, the sum of one thousand dollars the consideration money for said premises, in the following manner: $500.00 cash, balance $500.00 monthly payments of $25.00 per month, same being a second lien on above-described property. The sum of $50.00 has been paid to R. E. Gwin & Co. as a forfeit to apply as part of purchase price.

"It is understood and agreed, by and between the parties to this agreement, that if the said W. H. Knott fails to pay said consideration money in the manner and according to the tenor above stipulated, or fails to faithfully and promptly carry out any of the covenants herein contained, then this agreement is to be void as it regards the said W. H. Knott at —— option.

"In testimony whereof the parties herein have hereunto set their hands the day and year above written.

"[Signed] Gus Thomas,
"Per R. E. Gwin & Co.
"R. E. Gwin, Mgr.
"W. H. Knott."

Said contract was duly acknowledged by W. H. Knott on the 29th day of April, 1909, and filed for record in Dallas county on April 30, 1909. On January 8, 1912, appellant, Knott, filed this suit against Gus Thomas and the Metropolitan Investment Company, a private corporation, to enforce specific performance of said contract, setting same out in his petition and making the necessary averments to recover therein, if said contract was binding on Knott. It was also averred that Thomas has sold said land to the Metropolitan Investment Company, which was claiming said land; that said claim was a cloud upon the title, and relief was sought against said claim. The appellees answered by general and special exceptions, by general denial, and specially that the special answers will not be noted, as a general demurrer to the petition was sustained, and, the plaintiff failing to amend, the case was dismissed, and judgment rendered in favor of appellees, from which judgment this appeal is prosecuted.

It seems the action of the trial court in sustaining the general demurrer was based on the proposition that the contract was void for the want of mutuality between the parties, in that it contained the following stipulation, which reads:

"It is understood and agreed, by and between the parties to this agreement, that if the said W. H. Knott fails to pay said consideration money in the manner and according to the tenor above stipulated, or fails to faithfully and promptly carry out any of the covenants herein contained, then this agreement is to be void as it regards the said W. H. Knott at —— option."

Appellant contends by his first and only proposition that:

"Gus Thomas having, by the contract set out in the plaintiff's petition, agreed with W. H. Knott, appellant, to convey unto him, in fee simple, by a good and sufficient deed of general warranty, on or before the 16th day of April, A. D. 1909, the real estate described in said contract, in consideration of $1,000 paid and to be paid by appellant as follows: Five hundred dollars cash down, balance of $500 in monthly payments of $25 per month, secured by a second lien upon the property, and that appellant would improve said lot as soon as appellee, Gus Thomas, would deliver to him a good and sufficient title; and the said contract, on the face thereof, having recited, 'The sum of $50.00 has been paid to R. E. Gwin & Co., as a forfeit to apply as part of the purchase price'—the contract was an executed contract as between appellant and appellee, Thomas; and, appellant being ready, willing, able, and anxious to perform, and insisting upon appellee, Thomas, performing his said contract to convey the said land, and the said appellee having failed and refused to comply with the said contract, and the petition of appellant having set out said contract, alleging a breach thereof on the part of said Thomas, and alleging, in substance, that

he, appellant, was ready, able, willing, and anxious to carry out said contract and that he had demanded of the said Thomas, before the bringing of this suit, a compliance with the contract, the petition of appellant stated a good and meritorious cause of action for a specific performance of said contract, and the trial court erred in sustaining the Metropolitan Investment Company's general demurrer and in dismissing the case from the docket upon appellant's refusal to amend his petition."

Counter to appellant's proposition, appellee submits that:

"As the contract of sale between the parties imposed no obligation upon the plaintiff, W. H. Knott, and did not bind him to purchase the property even after he had exercised his option, the said contract was totally wanting in mutuality, could not have been specifically enforced against him, and therefore was not subject to specific enforcement against Gus. D. Thomas or the purchaser from Thomas, the Metropolitan Investment Company."

As a rule, the absence of mutuality in a contract renders it void, but there are exceptions to this rule, one of which is known as option contracts. Appellant insists that the contract under consideration falls within the exception to the general rule, and therefore should be upheld, and cites Naylor v. Parker, 139 S. W. 93, in support of his contention. We think there is a material difference between the contract passed upon in the Naylor Case, supra, and the one here involved. In the Naylor Case the party was bound, if he elected to comply with his option to buy, while here the party can avoid the contract, even though he had elected to purchase, as he claims he had done. Had appellee at any time brought suit against appellant to enforce performance of the contract, all that would have been necessary for appellant to do would be to decline to comply with the terms of the contract, and it would defeat appellee's action because of the want of mutuality. De Cordova v. Smith, 9 Tex. 144, 58 Am. Dec. 136; Fowler v. Gray, 168 Ind. 1, 79 N. E. 897, 7 L. R. A. (N. S.) 726, 120 Am. St. Rep. 344; Rude v. Levy, 43 Colo. 482, 96 Pac. 560, 24 L. R. A. (N. S.) 91, 127 Am. St. Rep. 123; Cyc. vol. 36, p. 625. In Rude v. Levy, supra, it was said:

"Waiving the latter consideration, however, and assuming that the option was fair and reasonable as an option, it nevertheless remains true that courts of equity do not look with favor upon such arrangements. Since the vendor cannot enforce them against the vendee, equity is not swift to enforce them against the vendor. The right to invoke against the vendor the specific performance of options, especially where there is valuable consideration therefor, is indeed recognized. But since they lack the elements of a binding contract, until performance or a sufficient tender of performance by the vendee, this kind of relief is not in order. It is only when the vendee has made his election and complied, or in good faith attempted to comply, with the terms of the option that it becomes a contract enforceable by him in equity. And it is, strictly speaking, inaccurate to speak of the specific performance of an option; for before the remedy can be invoked, it has ceased to be an option, and has ripened into a mutually binding and mutually enforceable contract."

Being of the opinion that plaintiff has no cause of action, the trial court did not err in sustaining the general demurrer, and the judgment is affirmed.