LAU v. McKECHNIE.

SPECIFIC PERFORMANCE—OPTIONS—CONDITION PRECEDENT—TENDER. Where an option to purchase property at a specified price during the term of a lease was included in the lease, a tender or payment of the purchase price during the life of the lease is a condition precedent to the right to maintain a suit for specific performance.

Appeal from Wayne; Hart, J., presiding. Submitted January 22, 1918. (Docket No. 156.) Decided July 18, 1918.

Bill by Oliver H. Lau against Mary P. McKechnie for the specific performance of a land contract. From

a decree dismissing the bill, plaintiff appeals. Affirmed.

*Harry M. Lau* and *George W. Eyster,* for plaintiff.

*James R. Neill,* for defendant.

BIRD, J.   Defendant being the owner of No. 50 Melbourne avenue, in the city of Detroit, leased the same on September 30, 1915, to plaintiff for one year at $60 a month.   In the lease the following option to purchase the premises was inserted:

"The second party is given the option to at any time purchase, during the term of this lease, the herein described premises for the sum of eight thousand ($8,000) dollars."

On September 25, 1916, nearly a year afterward, plaintiff had some talk with defendant at her apartment concerning the purchase of the premises, in which he offered to pay her $100 a month on the purchase price.   She declined this suggestion as well as his later suggestion that she accept in payment certain bonds which he owned.   He went away and on the same day wrote her. the following letter, but did not mail it until September 27th:

"Under the terms of the lease under date of September 30, 1915, between yourself and myself for the premises known as No. 50 Melbourne avenue, Detroit, Michigan, I am given the option to purchase said premises on or before September 30, 1916.   Exercising my option, this is to advise you that I am ready to purchase the property, according to the terms of said lease.   Kindly have the necessary papers ready for delivery at your earliest convenience and advise me."

To this letter defendant made no reply.   On September 30th plaintiff wrote her another letter, which reads:

"I am herewith enclosing check ($100) to apply on the purchase price of the house and lot known as 50

Melbourne avenue, Detroit, Michigan, along the lines talked early in the week."

On October 2d the defendant, through her attorney, returned the check to plaintiff, at the same time advising him that the defendant did not care to sell the property. Defendant soon thereafter commenced proceedings to eject plaintiff, whereupon he filed the bill in this cause praying for a specific performance of his contract.

When the proofs were all before the chancellor he was not persuaded that plaintiff was entitled to a specific performance of the contract and accordingly denied him relief.

Among the grounds assigned by him for his conclusion was the following:

"I find equity would demand a tender of the money, by plaintiff, and demand of a deed, before bringing this action, or at least an assurance that the money was deposited or arranged for, before defendant would have to proceed."

Whether it was necessary for plaintiff to purchase or tender the purchase price within the life of the option in order to entitle him to the relief of specific performance is the important question in the case. There is much law on the question and one upon which an apparent disagreement exists among the courts. A close analysis of the great variety of circumstances under which the cases have arisen might and doubtless would dispel much of the apparent discrepancy. This much is certain, however, if time was of the essence of the contract and the tender of the purchase price within the life of the option was a condition precedent to entitle plaintiff to maintain a suit for specific performance, the chancellor's conclusion is the correct one. In *Breen* v. *Mayne*, 141 Iowa, 399, 403, in considering a rule to be applied to such cases, suggests the following:

"The only fixed rule regarding the manner of the exercise of an option under a contract granting it, is to discover from the language of the instrument, construed in the light of competent parol testimony, the intent of the parties with reference thereto. It may be that under the terms of a given option the only proper and binding method of election or acceptance is by the payment or a tender of the purchase price. On the other hand, there are many cases where the option may be exercised in parol or by any other method indicating an election to take the land—the payment of the purchase price and the making of the deed being subsequent matters in performance of a binding contract. In the one case, there is an election to sell, upon payment of the purchase price, which is a condition precedent to the foundation of the contract; and in the other there is an election to take the land upon the terms proposed, payment of the purchase price being a condition subsequent, or rather the performance of an executory contract theretofore entered into."

In *Stembridge* v. *Stembridge*, 87 Ky. 91, a case much like the present one on the facts, where a wife agreed with the husband to convey to him a certain interest in a tract of land covered by a mortgage, if the latter would pay a certain amount on the mortgage debt when due, the court said:

"In cases of executory sales of land, that is, where the purchaser by terms of the contract receives a present interest in the land, courts of equity will not ordinarily regard time as of the essence of the contract; they will not divest the party of his title on the mere ground that he has not kept his contract to the day; but where, as in this case, the contract invests the one party with no title whatever, imposes no obligation upon him, leaves it optional with him to do a certain thing at a specified time, in such a case, time, in the broadest sense of the rule, is of the essence of the contract, and the failure of such party to comply with its terms deprives him of the right to demand the enforcement of the contract."

The case of *Kerr* v. *Purdy*, 51 N. Y. 629, an option was included in a lease as here, the option being in substance: That George W. Purdy leased to George A. Kerr certain premises for a term of five years, the lease containing a clause giving the lessee the privilege of purchasing at any time within the first three years by paying all arrears of rent and $10,000. It appeared upon the trial that plaintiff was in arrears for rent, and did not make a tender, but did make arrangements to procure the money and before the expiration of the three years notified defendants that he intended to purchase their respective shares and requested deeds of the same. Specific performance of this contract was denied, it being held:

"That the right to purchase was dependent upon the action of Kerr within the three years; that the lapse of that time without a compliance with the condition terminated the privilege."

The cases in which options have been included in leases have generally held that where, by terms of the option, the purchase price or part thereof was to be paid within a certain time, a tender or payment thereof is a condition precedent to the right to maintain a suit for specific performance. Some of the cases are *Heine* v. *Treadwell*, 72 Cal. 217; *Herman* v. *Winter*, 20 S. D. 196; *Steele* v. *Bond*, 32 Minn. 14; *Codding* v. *Wamsley*, 4 Thomp. & C. 49; *Lord Ranelagh* v. *Melton*, 2 Drew. & S. 278; *Weston* v. *Collins*, 34 L. J. Ch. (N. S.) 353. See, also, *Lockman* v. *Anderson*, 116 Iowa, 236; *Rude* v. *Levy*, 43 Colo. 482; *Weaver* v. *Burr*, 31 W. Va. 736, and valuable note, 24 L. R. A. (N. S.) 91.

By the terms of the option plaintiff was given the privilege of purchasing the premises for a stated sum within a stated time. The language of the option contemplates a cash payment within the life of the lease. The mere announcement by plaintiff within the time

that he was ready to purchase the property is not enough. He was not given the privilege of purchasing the property if he signified his acceptance of the offer before the expiration of the lease but was given the privilege of purchasing it. He must be something more than ready to purchase, he must actually purchase it before the lease expires, by paying or tendering the consideration. For his failure to do so he must be denied relief. We think the case is ruled by those which hold that time is of the essence of the option and that payment or tender of payment is a condition precedent to maintaining suit for specific performance.

The decree is affirmed, with costs to the defendant.

OSTRANDER, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.