### BEARDSLEE *v.* GRINDLEY.

1. VENDOR AND PURCHASER — CONTRACTS — ACCEPTANCE OF OFFER MUST BE ACCORDING TO TERMS.

   An option, or offer, must be accepted according to its terms in order to make a contract.[1]

2. SAME—OPTION—ACCEPTANCE.

   Where an option to purchase land provided that if the option was accepted a mortgage on the premises should be released and discharged as the first payment, a written notice of acceptance was sufficient to make a binding contract although not accompanied by a discharge of the mortgage.[2]

3. SPECIFIC PERFORMANCE—OPTION—PAYMENT OF TAXES.

   A decree for the specific performance of an option to purchase land properly provided that the grantee reimburse the grantors for taxes paid, which, under the terms of the option, the grantee was required to pay.[3]

4. SAME—DISCHARGE OF MORTGAGE—LOST NOTE.

   Where an option for the purchase of land provided for the cancellation of a mortgage thereon as the first pay-

---

[1]Vendor and Purchaser, 39 Cyc. p. 1238; [2]Id., 39 Cyc. p. 1239; [3]Specific Performance, 36 Cyc. p. 757; 24 L. R. A. (N. S.) 91; 27 R. C. L. 342, 344; 4 R. C. L. Supp. 1757; 5 R. C. L. Supp. 1470.

ment, but the note evidencing the mortgage debt was *lost*, the decree for specific performance properly provided for the giving of a bond by the grantee to save the grantors harmless.[4]

5. SAME—SECURING DEFERRED PAYMENTS.

A decree for specific performance providing for the giving of a warranty deed without making provision for security for the deferred installments of the purchase price, is modified, on appeal, by declaring a vendor's lien for the amount thereof.[5]

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted June 16, 1926.     (Docket No. 49.)     Decided October 22, 1926.

Bill by Henry C. Beardslee against Robert McB. Grindley and another for specific performance of an optional land contract.     From a decree for plaintiff, defendants appeal.     Modified and affirmed.

*Pelton & McGee*, for plaintiff.

*Henry B. Graves* and *Charles H. Hatch*, for defendants.

CLARK, J.     Plaintiff received of defendants an option, quoted, in part:

"This contract made this 17th day of May, A. D. 1924, by and between Robert McB. Grindley and Matilda V. Grindley (his wife) of West Bloomfield township, Oakland county, Michigan, party of the first part, and Henry C. Beardslee, of Pontiac, Michigan, party of the second part.

"Witnesseth, that the said parties of the first part, in consideration of the sum of one dollar and other considerations dollars to them in hand paid by the said party of the second part, do hereby agree that they shall and will at any time within one (1) year from the date hereof, at the written request of the said party of the second part, execute and deliver to him, or to

[4] Specific Performance, 36 Cyc. p. 756 (Anno); [5] Id., 36 Cyc. p. 757.

any person or persons as his the said party of the second part shall direct in writing, a good and sufficient warranty deed of the following described land (description), for the sum of sixty-three thousand three hundred ($63,300) dollars, payable as follows:

"Seventeen thousand ($17,000) dollars on exercising of this option, and the remaining forty-six thousand three hundred dollars ($46,300) in semi-annual payments of twenty-five hundred dollars ($2,500) or more for a period of two years, and thereafter in semi-annual payments of five thousand ($5,000) each or more.    Interest at the rate of six per cent. per annum, from the date hereof, until due, and thereafter at the rate of seven per cent. until paid.    The entire amount to be paid on or before five (5) years from the date hereof.    Second party agrees to pay 1924 State and county taxes and other assessments, in event of exercising this option.

"And the said parties of the first part do hereby further agree that they shall and will not within one (1) year from the date hereof sell, convey or otherwise incumber the said land, or any part thereof, or do, or permit to be done, any act or deed to diminish or incumber the title to said land.

"This option is given in consideration of second party renewing a certain mortgage now covering said premises, for a term of five years from the date hereof, which mortgage when renewed shall be released and discharged, and applied as first payment on the purchase of above premises, in the event this option is not exercised within the time above mentioned, said mortgage to continue in full force for a period of five years, unless sooner required discharged by the first parties hereto.

"It is agreed by and between the parties hereto, that if the said party of the second part at the expiration of the aforesaid limited time shall have declined or omitted to make application for the purchase of said land at the price aforesaid, then this instrument shall be void, and the above sum of one dollar and other considerations............dollars so paid as aforesaid on the above described premises, shall be forfeited by the said party of the second part, and the said parties of the first part shall have the right to retain the same, as and for liquidated damages, and

the said party of the second part shall relinquish to said parties of the first part all claim to the said land, either in law or equity, and, also claim to said sum of one dollar and other considerations, so paid as aforesaid, and no claim of the said party of the second part under this contract shall then be effectual." * * *

Within the time limited and on the date thereof plaintiff gave to defendants the following:

"May 14, 1925.
"Mr. ROBERT MCB. GRINDLEY,
    "1112 First National Bank Building,
        "Detroit, Mich.
"*Dear Sir:* I desire to notify you that I do hereby elect to exercise the option granted to me to repurchase from you the lands, premises and property situated in the township of West Bloomfield, Oakland county, Michigan, described as the

West half of the northeast quarter of section nine (9) town two (2) north, range ten (10) east, containing eighty-nine and twenty-six hundredths (89.26) acres of land more or less,

according to the terms and provisions of said option.

"Unfortunately I have mislaid my copy of our agreement and therefore am unable to figure up the exact amount of the payment which shall be made to you, and I also do not know the exact date this option will expire. Will you please therefore compute the amount due you under the option and let me know so that I can make payment to you before the expiration date of option.

"Yours truly,
    "HENRY C. BEARDSLEE."

Defendants did not heed the communication. Later and within the time plaintiff attempted to see Mr. Grindley and to close the matter but was not able to locate him. The bill, alleging that, by the option and the acceptance, quoted, a contract had been made, prayed specific performance. At the hearing it appeared that defendants, after May, 1925, had paid the taxes. It was also brought out that plaintiff had lost the negotiable promissory note evidencing the debt

secured by the mortgage. Plaintiff had decree. Defendants have appealed.

To make a contract it was upon plaintiff to accept the option, the offer, according to its terms. Was it necessary for plaintiff to do more than to say to defendants within the time and in writing, as he did: "I do hereby elect to exercise the option granted me * * * according to the terms and provisions of said option," in other words, ought plaintiff with his acceptance to have paid or tendered the required portion of the purchase price?

It is said in 27 R. C. L. p. 344:

"Where the terms of the option require that payment of the purchase money or a part thereof accompany the election to exercise the option such provision must ordinarily be complied with; on the other hand, its terms may merely require that notice be given of the exercise of the option and leave the matter of the payment of the purchase money to be thereafter settled as in the case of the ordinary executory contract of sale. In the one case there is an option to purchase on payment of the purchase price, which is a condition precedent to the foundation of a contract of sale; and in the other there is an election to take the land on the terms proposed, payment of the purchase price being a condition subsequent, or rather the performance of an executory contract theretofore entered into."

Plaintiff contends that his acceptance was sufficient, and that payment was an element of performance of the obligation he assumed.

Defendants contend that payment, or tender thereof, was a condition precedent to an election to exercise the option, and that, as there was no payment or tender thereof within the time limited, there is no contract.

The answer to the question is furnished by the writing itself, and in this regard we quote a part of the opinion of Judge Gillespie:

"Construction of option. Coming now to a consideration of the language of the option in question, I find it did not make payment of the first instalment of the purchase price one of the elements to be performed at the time of plaintiff's election to purchase. Defendants expressly agreed 'at the written request' to execute and deliver to plaintiff a warranty deed of the premises for an agreed price 'payable as follows: Seventeen thousand ($17,000) in exercising this option.' It was also agreed that the $17,000 mortgage which plaintiff held covering the premises 'shall be released and discharged, and applied as first payment on the purchase of above premises, in the event second party exercising this option.' The option also provided that if plaintiff neglected within the time limited by the option, 'to make application for the purchase of said land at the price aforesaid' then the instrument shall be void.

"There is no language in the option that would justify me in finding that it was necessary for plaintiff to discharge his mortgage 'within the time limited' in order to make his election sufficient. To hold, that in addition to giving a written notice of his election to exercise his rights under the option, plaintiff was bound to make a tender of the discharge of his mortgage, would do violence to the language of the agreement, and be contrary to its plain provisions. In order to exercise his rights under the option and create a binding agreement, out of what had theretofore been a mere offer to sell, plaintiff needed only to make a written request to defendants for the delivery of a deed of the premises in accordance with the provisions of the option.

"Upon such election a contractual relation was created."

Counsel have cited a number of instructive cases. But these option cases present a variety of form and circumstance. Decision must be in accordance with the facts of the case. With respect to this, it was said in *Lau* v. *McKechnie*, 202 Mich. 284:

"There is much law on the question and one upon which an apparent disagreement exists among the courts. A close analysis of the great variety of cir-

cumstances under which the cases have arisen might and would doubtless dispel much of the apparent discrepancy."

Counsel have invoked well-known rules of construction. It would prolong this opinion, without profit, to discuss them. Observance of the rules and consideration of the facts lead to the conclusion that the trial judge was right in finding a contract and in granting decree for performance. It follows that the decree properly requires plaintiff in performance to reimburse defendants for the taxes paid, with interest.

Of the lost note the decree provides:

"It is further ordered, adjudged, and decreed that in case the said plaintiff is unable to find the said note of seventeen thousand ($17,000) dollars so that he may surrender it for cancellation, the said plaintiff shall provide defendants with an adequate bond conditioned to save them harmless from any further liability on account of the said note."

Though the note may be lost the debt remains. It is essential that defendants have acquittance of the debt and discharge of the mortgage. This, the decree will effectuate. Recovery of the debt might be had at law in the manner indicated by the decree. We see no reason why the method may not be employed in equity, no reason for defeating the contract because the note may be lost.

We quote again from the decree:

"It is further ordered, adjudged and decreed that should the parties hereto be unable to agree as to how the remainder of the purchase price of the said property, namely, forty-six thousand three hundred ($46,300) dollars shall be secured they shall be at liberty to take further testimony in the case covering said payments and enter a supplemental decree in the said case covering the said payment."

It will be observed that although defendants are

bound to give a warranty deed the contract between the parties makes no specific provision for security for the deferred installments of the purchase price. The courts cannot make a contract for the parties. But the law gives to defendants a vendor's lien. Plaintiff does not object to having the deferred payments secured. Unless the parties agree otherwise, the decree will declare in favor of defendants a vendor's lien upon the property for the amount ·of the deferred installments of the purchase price, with interest, all to be paid in the manner, time, and amount, as provided by the contract, and the decree may be recorded in the office of the register of deeds of the county. *Mowrey* v. *Vandling*, 9 Mich. 39; *Dunton* v. *Outhouse*, 64 Mich. 419.

So modified, the decree is affirmed. Defendants will have costs in this court.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.